[606 NYS2d 384]

In the Matter of HOWARD SCHRIER et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, December 30, 1993

APPEARANCES OF COUNSEL

*Howard M. Koff,* Albany, and *Chazen & Fox,* New York City *(Hartley James Chazen* of counsel), for petitioners.

*Robert Abrams, Attorney-General,* Albany *(Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance, respondent.

OPINION OF THE COURT

CASEY, J.

At issue in this proceeding is whether respondents erred in calculating the real property transfer gains tax due upon petitioners' sale of certain real property. Respondents used the original purchase price of the property when it was acquired by a corporation owned in equal shares by petitioners, instead of the fair market value of the property when petitioners acquired the property in exchange for their shares of corporate stock as part of the corporation's liquidation. It is respondents' position that the property's transfer from the corporation to petitioners was a mere change of identity or form of ownership, with no change in beneficial interest, so that the transfer was exempt from the transfer gains tax pursuant to Tax Law § 1443 (5). Thus, according to respondents, when petitioners subsequently sold the property, the corporation's original purchase price for the property must be carried over, pursuant to 20 NYCRR 590.50 (a) (3), in calculating the transfer gains tax due from the sale.

Petitioners contend that the exemption for mere changes of identity or form of ownership contained in Tax Law § 1443 (5) is not applicable to their acquisition of the property, so that the proper basis for calculating the transfer gains tax upon their subsequent sale of the property is the fair market value of the property when they acquired it from the corporation. Petitioners concede that the exemption would be applicable if they had taken title to the former corporate property as tenants in common *(see,* 20 NYCRR 590.50 [a] [3]). Because they took title to the property as joint tenants with the right of survivorship, however, petitioners argue that the transfer was not a mere change in identity or form of ownership with no change in beneficial interest in the property. Petitioners also contend that there is no statutory authority for the carryover of the corporation's original purchase price as petitioners' basis.

Respondents concede that there are substantive legal differ-

ences between joint tenants and tenants in common, but conclude that the primary focus of the exemption is on economic ownership, which did not change with the transfer of the property from the corporation to petitioners. As respondents point out, petitioners each owned one third of the corporation's stock and, therefore, shared equally in the profit, benefit or advantage that could be derived from the corporate property. As joint tenants, petitioners enjoyed the same right to share equally in the profit, benefit or advantage that would be derived from the property.

Petitioners' argument appears to be premised upon their misperception of the nature of the interests of joint tenants. Contrary to petitioners' claim, there are substantial similarities between joint tenants and tenants in common. Both receive a vested undivided interest in the property which they may freely alienate during their lifetimes (see, 1 Rasch, New York Law and Practice of Real Property § 14:37, at 303 [2d ed]). That tenants in common can share property in unequal interests is irrelevant to this case, for petitioners owned equal shares in the corporation prior to the transfer and, therefore, their ownership interest did not change when they took title to the property as joint tenants. "The most characteristic incident of a joint tenancy is the right of survivorship, if the jointure is not severed, and by reason of this right the interest of a joint tenant is not descendible, and cannot be devised by will" (1 Rasch, New York Law and Practice of Real Property § 14:36, at 302-303 [2d ed]).

Contrary to petitioners' claim, a joint tenant may convey his interest in the joint property during his lifetime, thereby severing that interest from the joint holding (see, 1 Rasch, New York Law and Practice of Real Property § 14:44, at 306-307 [2d ed]). In the absence of an agreement to the contrary, a joint tenant also has the unilateral right to partition, which would put an end to the tenancy (see, 3 Rasch, New York Law and Practice of Real Property §§ 40:2-40:3, at 140-141 [2d ed)). It is clear, therefore, that a joint tenant's right of survivorship in another joint tenant's interest is an inchoate right (see, Gotte v Long Is. Trust Co., 133 AD2d 212, 215) which can be destroyed by certain unilateral acts of any joint tenant during their lifetimes. In view of the identity of the economic benefit derived from the property by petitioners before and after the transfer, and considering the nature of the right of survivorship, which is the most characteristic incident of a joint tenancy, we cannot say that respondents erred in concluding

that the transfer of the property from the corporation owned in equal shares by petitioners to petitioners as joint tenants fell within the mere change of identity or form of ownership exemption of Tax Law § 1443 (5).

Gains upon which the real property transfer tax is imposed (see, Tax Law § 1441) are defined as the difference between the consideration for the transfer and the original purchase price (Tax Law § 1440 [3]). Original purchase price is, in turn, defined as the consideration paid by the transferor to acquire the interest in real property and for any capital improvements to the property (Tax Law § 1440 [5] [a]). Where there has been a transfer by gift, devise, bequest or inheritance, the Tax Law provides for use of a carryover original purchase price, and petitioners contend that because they did not acquire the property by gift, devise, bequest or inheritance, the Tax Law does not permit use of a carryover original purchase price.

According to petitioners, the liquidating distribution of the property to them was for consideration and because the property had a fair market value of $975,000 at the time of the distribution, that was the amount of the consideration paid by them. Respondents contend that the "economic reality" of the transfer should be considered, regardless of the form of the transaction (Matter of Bredero Vast Goed v Tax Commn., 146 AD2d 155, 159, appeal dismissed 74 NY2d 791), and the "economic reality" of a transfer that is exempt as a mere change in form or identity under Tax Law § 1443 (5) is such that use of the carryover purchase price is necessary to avoid creation of a loophole in the transfer gains tax law. Accordingly, respondents adopted 20 NYCRR 590.50 (a) (3), which provides for use of a carryover purchase price when the property is acquired in a transfer that is exempt under Tax Law § 1443 (5).

We conclude that the regulation does not conflict with Tax Law § 1440 (5) and constitutes a rational method of administering the real property transfer gains tax law. Because the transfer caused by the corporate liquidation was a mere change in identity or form of ownership, with no change in beneficial interest, respondents were justified in ignoring the transfer for the purposes of determining the original purchase price upon petitioners' sale of the property.

WEISS, P. J., MERCURE, WHITE and MAHONEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.