■ In the Matter of LAURENCE LO SCALZO, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [610 NYS2d 100] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of real property transfer gains tax imposed under Tax Law article 31-B.

Petitioner was the sole shareholder of Kimbrooke Enterprises, Inc., whose principal asset was a parcel of real property for which it paid $2,247,010. Kimbrooke was dissolved in 1988 and its assets were distributed to petitioner in exchange for his stock. At the time of the distribution, the real property had a fair market value of $6,000,000. On January 12, 1989, petitioner sold the property for $6,000,000 and paid a real property transfer gains tax because the Division of Taxation and Finance, in accordance with 20 NYCRR 590.50 (a) (3), determined that petitioner's original purchase price (hereinafter OPP) was $2,247,010, the amount paid by Kimbrooke to acquire the property. After respondent Tax Appeals Tribunal affirmed the Administrative Law Judge's determination sustaining the denial of petitioner's refund claim, petitioner instituted this proceeding challenging the validity of 20 NYCRR 590.50 (a) (3).

Tax Law § 1441 imposes a 10% tax on gains derived from real property transfers in New York. "Gain" is defined as "the

difference between the consideration for the transfer of real property and the [OPP] of such property" (Tax Law § 1440 [3]), while "OPP" is defined as, generally, "the consideration paid or required to be paid by the transferor * * * to acquire the interest in real property" (Tax Law § 1440 [5] [a] [i]). Tax Law § 1443 (5) provides for a total or partial exemption from the gains tax where the "transfer of real property, however effected, consists of a mere change of identity or form of ownership or organization, where there is no change in beneficial interest". The challenged regulation, which was promulgated pursuant to Tax Law § 1443 (5), provides that "[t]he transfer of real property by a corporation to its shareholders, who will hold the real property as tenants-in-common in the same pro rata share as they own the corporation", is exempt from the gains tax as it "is a mere change of identity or form of ownership or organization"; however, the shareholder's OPP will be the same as that of the corporation (20 NYCRR 590.50 [a] [3]).

Petitioner benefited from this regulation inasmuch as the transfer of the property from the corporation to him was tax exempt. He nevertheless contends that this regulation is invalid as it conflicts with the statutory definition of OPP, which does not provide for a carryover OPP in the case of a mere change of identity or ownership. We considered this argument in *Matter of Schrier v Tax Appeals Tribunal* (194 AD2d 273) and found it wanting. Accordingly, on the basis of *Schrier,* we shall confirm the determination.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.