■ In the Matter of Alice Elonka, Respondent, against Stephen Elonka, Appellant.— In a proceeding to compel support, the appeals are from (1) an order of the Children's Court, Nassau County, continuing a previous order directing (a) that appellant pay $40 a week for food and $5 a week for drugs and medicine; (b) that respondent collect the rent from the cottage on the premises owned jointly by the parties; (c) that temporary custody of the two minor children be given to respondent, with rights of visitation to appellant, and that he remove from his home by March 7, 1955; and (2) from an order of the Supreme Court affirming the order of the Children's Court as to the support provision, and dismissing the appeal from the other provisions of the order. Orders unanimously affirmed, without costs. Present — Nolan, P. J., Schmidt, Beldock, Murphy and Ughetta, JJ.

■ In the Matter of the Accounting of Earle S. McKay, as Executor of Zachary S. McKay, Deceased, Appellant. Willard G. Hampton, as Trustee, et al., Respondents; Henry V. Poor, as Special Guardian for Timothy McKay and Another, Infants, et al., Appellants.— In this accounting proceeding in the Surrogate's Court, Nassau County, the executor's second amended petition for settlement of his account set forth defenses to a claim which had been theretofore filed by the respondents Karl F. Steinmann and Willard G. Hampton, who are trustees of an *inter vivos* trust which had been established by the testator. The claim asserted that the estate was indebted to the trustees for a certain sum of money by virtue of a decree and judgment of a stated court of the State of Nevada in an action which had been brought by the life beneficiary of the trust, respondent Renee S. Hampton, against the testator, and that the testator had acknowledged the indebtedness in the deed of trust and had delivered his promissory note as evidence thereof. The said life beneficiary was the wife of the testator at the time of the making and delivery of the said deed of trust and note. The appeal is by the executor, by the special guardian of two infant beneficiaries under the testator's will, and by the testator's widow, who is also a beneficiary under the will, from (1) so much of an order as (a) strikes out, for insufficiency in law, the defense that the promissory note was given only as security for the payments provided to be made in the deed of trust and a contemporaneous property settlement agreement, and that the note is not required as such security; and as (b) denies the executor's motion to add, as an additional defense, that the note was an invalid testamentary disposition; and (2) so much of the decision as is the basis upon which said order was made. On the executor's said motion, upon agreement of counsel, the proposed additional defense was regarded as if it has been included in the executor's pleading, and the motion was treated as one to dismiss the said defense for insufficiency in law. Two other beneficiaries of the will also appealed, but their appeal was withdrawn. Order, insofar as appealed from, affirmed, with $10 costs and disbursements to all parties filing separate briefs, except appellant Emma W. McKay, payable out of the estate. No opinion. Appeal from the decision dismissed, without costs. No appeal lies from a decision. Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur.