■ In the Matter of the Estate of EDITH MCMURDO, Deceased. DAVID MCMURDO, Appellant; ROBERT MCMURDO, Respondent.—In a discovery proceeding, the appeal is from a decree of the Surrogate's Court, Rockland County, dated June 1, 1976, which, after a hearing, held that David McMurdo possessed certain moneys which belonged to the decedent's estate and directed him to transfer the said funds into the administrators' account. Decree affirmed, with costs to respondent payable personally by appellant. The record supports the determination of the Surrogate that there was no evidence of an intent on the decedent's part to make a gift of the moneys. Moreover, the presumption created by section 675 of the Banking Law was rebutted by the showing that the decedent was housebound and probably reposed full trust in the son in whose home she was living (see *Matter of Dziadzio,* 31 Misc 2d 125). Such a showing was enough to shift the burden of proof to the appellant, a burden which he has not met (see *Matter of Donleavy,* 41 Misc 2d 28, 30). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ In the Matter of MARIA MORALES, Petitioner, v J. HENRY SMITH, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated December 14, 1975 and made after a hearing, which affirmed an order of the New York City Department of Social Services reducing petitioner's grant of public assistance in order to recoup an alleged overpayment. Determination annulled, on the law, without costs or disbursements, and matter remitted to the State agency for a *de novo* hearing and a new determination in accordance herewith. Pursuant to *Matter of Uhrovick v Lavine* (43 AD2d 481, affd 35 NY2d 892) and *Matter of Scarpelli v Lavine* (48 AD2d 899), before any recoupment may be had there must be proof that the income of petitioner's husband was actually available for the support of his stepchildren. In addition, the respondents have failed to indicate how the total overpayment of $2,275 was computed. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.