■ JULIA WACIKOWSKI, Respondent, v ZIGGIE A. WACIKOWSKI, Appellant, et al., Defendant. — In an action to declare plaintiff the sole owner of moneys in a savings account, defendant Ziggie A. Wacikowski appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated September 10, 1982, which granted plaintiff's motion for summary judgment. Judgment affirmed, with costs. Plaintiff, an elderly woman of foreign birth, first opened the bank account at issue in 1947. In 1960 she added the name of defendant Ziggie A. Wacikowski, her son, to the account with a signature card which stated "so that either of us or the survivor may draw". Plaintiff asserts that she never intended to give her son a present beneficial interest in this account during her lifetime, but only intended to add his name to the account for her own convenience in making withdrawals in the event of emergencies. Plaintiff, the party seeking to establish a claim of ownership to the funds in the joint bank account, has successfully rebutted the presumption created by the form of this account (see Banking Law, § 675; *Sherman v Georgopoulos,* 84 AD2d 811). An examination before trial of the defendant son confirmed plaintiff's assertions that all the money in the account has been solely her own, that she has always had exclusive possession of the account passbook and that the son has never made any deposits to or withdrawals from the account. These factors have been held to satisfy the burden of the party seeking to rebut the presumption of a joint tenancy created by section 675 of the Banking Law by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only (see *Sherman v Georgopoulos, supra; Matter of Murphy,* 23 AD2d 866, 867; see, also, *Walsh v Keenan,* 293 NY 573; *Phillips v Phillips,* 70 AD2d 30, 38; *Filippi v Filippi,* 53 AD2d 658, 659; *Cinquemani v Cinquemani,* 42 AD2d 851, 852). Appellant produced insufficient evidence that his mother intended a joint tenancy to successfully oppose her motion for summary judgment in the face of his admissions during his examination before trial which support the contrary position. Appellant relied primarily upon the presumption of a joint tenancy created by section 675 of the Banking Law, which has been successfully rebutted by plaintiff (see Richardson, Evidence [Prince, 10th ed], § 58, p 36), and a conversation he had with his mother when she added his name to the account in which she allegedly told him that she wanted him to have the money in that account in the event that she died. In many cases involving joint bank accounts, a donor depositor like plaintiff will intend to transfer to her donee, in this case her son, only the right of survivorship, without necessarily transferring a present beneficial interest in the funds in the account (see *Matter of Filfiley,* 63 Misc 2d 824, affd 43 AD2d 981). We have considered the parties' other contentions and find them to be without merit. Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.