■ JOHN BREZINSKI, as Executor of ANNA BREZINSKI, Deceased, Respondent, v STELLA BREZINSKI et al., Appellants. — Judgment unanimously affirmed, with costs. Memorandum: Defendants appeal from a judgment after a retrial (see *Brezinski v Brezinski,* 84 AD2d 464) awarding plaintiff an amount equal to the total funds on deposit in three bank accounts plus interest. The funds in the three accounts had originally been in two accounts bearing the name of plaintiff, Anna Brezinski, alone — one opened in 1935 at Savings Bank of Utica and one opened in 1951 at Homestead Savings and Loan Association. In 1962 plaintiff added the name of Henry Brezinski, one of her two sons, to the account in the Savings Bank of Utica, making it payable to Anna or Henry or survivor, and some time before 1973 she added his name in the same form to the account in Homestead Savings and Loan Association, a portion of the funds from which were later transferred to the third account in issue here, also payable to Anna or Henry or survivor. In February, 1980, Henry Brezinski, who died two months later, unilaterally withdrew the entire proceeds of the three accounts and deposited them in three new accounts, one held jointly by Henry and his wife Stella, one by Henry and his son Donald, and one by Henry and his other son Ronald. Anna, alleging that Henry had converted the funds, sued to recover the full amounts of the accounts from Stella, Ronald and Donald in whom they had vested by right of survivorship at Henry's death. Subdivision (b) of section 675 of the Banking Law provides that the making of a deposit in the name of the depositor and another to be paid to either or to the survivor is prima facie evidence that the depositor intended to create a joint tenancy and that where such a deposit is made, the burden of proof is on the one challenging the presumption of joint tenancy (see *Matter of Camarda,* 63 AD2d 837; *Matter of Coddington,* 56 AD2d 697). One incident of a joint tenancy is that so long as both tenants are living, each has a "present unconditional property interest in an undivided one half of the moneys deposited" (*Matter of Kleinberg v Heller,* 38 NY2d 836, 841, citing *Matter of Filfiley,* 63 Misc 2d 824, 825, affd 43 AD2d 981). The presumption of joint tenancy may only be refuted by " 'direct proof or substantial circumstantial proof, clear and convincing and sufficient to support an inference that the joint account had been opened in that form as a matter of convenience' " (*Matter of Camarda, supra,* p 838, quoting *Matter of Coddington, supra,* p 698) or by proving undue influence, fraud, or lack of capacity (see *Matter of Kleinberg v Heller, supra,* p 840). The record at bar supports Trial Term's determination that plaintiff met her burden of showing by clear and convincing proof that Henry's name was added to these accounts as a matter of convenience. Plaintiff (who has died since the trial) was an 87-year-old Polish immigrant with limited command of the English language. She testified that she had no car and that although when she was younger she had walked or taken the bus to banks in town, about two miles away, she could no longer make the trip herself and thus had put Henry's name on the accounts so that he could do her banking for her. She added his name to the first account in 1962, when she would have been about 67 years old. The passbooks were kept in her pantry and returned to her after each banking transaction. She specifically denied having made statements, testified to by Ronald and Donald, to the effect that the money was Henry's or that she wanted Henry to have the money. To the contrary, she testified that the money in the accounts was hers which she saved during the years when she worked in a mattress factory and later in the kitchen of the Masonic Home and that she saved it in case she needed it when she got old. Where, as here, the presumption in section 675 of the Banking Law is rebutted by evidence to the effect that

the depositor was elderly, had a fiduciary relationship with the person claiming rights as a joint tenant, and added that person's name to the account for convenience, the burden of proof shifts to the claimant to show that the depositor understood the implications of the transaction and intended to make a gift of the funds (see *Matter of Camarda, supra,* p 839; *Matter of McMurdo,* 56 AD2d 602). Trial Term's determination that defendants did not meet this burden, despite the testimony of Ronald and Donald that plaintiff had told them that she wanted Henry to have the money, was supported by plaintiff's specific denials and by the circumstances surrounding the transfer of the funds by Henry in February, 1980: i.e., that the passbooks were removed and the transfers effected by Henry — two months before he died, and, the trial court found, in anticipation of his death — without plaintiff's knowledge and while she was in the hospital; that as soon as she discovered that the books were missing plaintiff demanded their return from Henry's wife, Stella, who refused; and that shortly thereafter plaintiff instituted this lawsuit and executed a new will which made no bequest to Ronald or Donald. The court was also justified in discrediting the testimony of Ronald and Donald that plaintiff had told them that the money was actually Henry's money which he had saved when he was living with his mother and working, in view of plaintiff's specific denials and evidence that the bulk of the deposits were made after Henry had married and moved out and while the accounts were still in plaintiff's name alone. The judgment below is supported by the evidence and we affirm. (Appeal from judgment of Supreme Court, Oneida County, O'Donnell, J. — recovery of proceeds of bank accounts.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.