■ In the Matter of DOREEN J., Appellant, v THOMAS JOHN F., Respondent. — In a filiation proceeding, petitioner appeals from an order of the Family Court, Orange County (Mishkin, J.), dated May 9, 1983, which dismissed the petition. ¶ Order reversed, as a matter of discretion, without costs or disbursements, and a new trial granted before a different Judge, in accordance herewith. ¶ Petitioner claims that respondent is the father of her daughter, born out of wedlock. Following a hearing, the Family Court dismissed her petition, concluding that she had not met her burden of establishing paternity by clear and convincing proof. While we perceive no basis to substitute our judgment for that of the Trial Judge who saw and heard the witnesses (see, e.g., *Department of Social Servs. v Trustum C. D.,* 97 AD2d 831; *Matter of Linda S. v James G.,* 52 AD2d 607), we believe that the interest of justice requires us to grant a new trial. ¶ As permitted by statute, respondent exercised his statutory right not to testify (Family Ct Act, § 531) and, at the time of this trial, the rule in this department was that no inference could be drawn against him for doing so (*Matter of Renee K. v Robert P.,* 50 AD2d 604). Subsequently, however, the Court of Appeals held to the contrary, permitting the trier of fact "to draw the strongest inference against [the putative father] that the opposing evidence in the record permits" (*Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137, 141, on remand 97 AD2d 760). Since the resolution of this case depends upon credibility and since the Trial Judge did not consider respondent's failure to testify as a factor in that equation, a new hearing should be held. ¶ We would also note that at the new trial, petitioner's mother should be permitted to testify concerning the instructions that she gave to petitioner before petitioner went to the Department of Social Services. Such testimony would not be hearsay as it would not be offered to prove the truth or falsity of the instructions, but simply for the purpose of showing that the instructions were given and would be relevant as circumstantial evidence of petitioner's state of mind (see, e.g., *People v Felder,* 37 NY2d 779; *Barbagallo v Americana Corp.,* 25 NY2d 655; Richardson, Evidence [Prince, 10th ed], §§ 203, 205). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.