■ In the Matter of the Estate of FRIEDERIKE FRIEDMAN, Also Known as FRIEDA FRIEDMAN, Deceased. FELICE GUNZ, Appellant; GERTRUDE LIEBERMAN, Respondent. — In an accounting proceeding, the executrix, Felice Gunz, appeals, (1) from so much of a decree of the Surrogate's Court, Queens County (Laurino, S.), dated March 9, 1983, as directed her to turn over the sum of $6,530.50, plus interest from February 28, 1977 to objectant Gertrude Lieberman, and (2) from a prior intermediate order of the same court dated February 16, 1983.

Appeal from the order dated February 16, 1983, dismissed (*Matter of Aho,* 39 NY2d 241, 248).

Decree reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the Surrogate's Court, Queens County, for entry of an amended decree providing that the objection of Gertrude Lieberman to that portion of the account which disallows her amended claim based upon the decedent's alleged conversion of a joint bank account is denied.

The appellant is awarded one bill of costs payable by the respondent personally.

Sometime in 1975, decedent, Friederike Friedman, using funds from a personal savings account in her own name, opened a new savings account at the same bank naming herself and her niece, objectant Gertrude Lieberman, as joint tenants with right of survivorship. Decedent kept possession of the passbook and exercised complete dominion and control over the account, making deposits and withdrawals therefrom personally.

Thereafter, on February 28, 1977, decedent withdrew the sum of $13,066.01 from this account, leaving a balance of $5, and opened a new savings account. The remaining $5 was withdrawn and the joint account with objectant was closed on May 5, 1977. Subsequently, the decedent changed the new account into a joint tenancy with right of survivorship, naming the executrix as joint tenant.

In this accounting proceeding, the Surrogate concluded that the objectant had acquired a one-half interest in the account which decedent had opened in their joint names and that by "withdrawing * * * the entire balance less $5.00 of the account * * * decedent wrongfully converted the half interest therein * * * which belongs to the respondent". We disagree and reverse the decree insofar as appealed from.

While there is a presumption that the parties to a joint account are each entitled to an equal share (Banking Law, § 675), it is well settled that the presumption is not conclusive and may be rebutted by evidence showing that the depositor established the account for convenience and not with the intention of conferring a present beneficial interest on the party claiming the half share (*Wacikowski v Wacikowski,* 93 AD2d 885, mot for lv to app den 60 NY2d 553; *Sherman v Georgopoulos,* 84 AD2d 811; *Phillips v Phillips,* 70 AD2d 30, 38; *Filippi v Filippi,* 53 AD2d 658). This holds true when withdrawals are made by the decedent prior to his death (*Matter of Bricker* [*Krimer*] *v Krimer,* 13 NY2d 22, 27; *Cinquemani v Cinquemani,* 42 AD2d 851, 852).

The proof in this case established that the money placed in the joint account with the objectant was the decedent's and that it was not her intention to make a gift to the objectant by the opening of such account. Rather the money was placed in the joint account merely for convenience in the event of illness or death. Indeed, the Surrogate found it "clear from * * * [the decedent's] actions vis à vis the subject accounts that she did not * * * intend" to confer a present interest of one half on the objectant. In such circumstances, we find that the presumption of joint tenancy was effectively rebutted and that it was error to allow objectant's claim (*Wacikowski v Wacikowski, supra; Filippi v Filippi, supra; Cinquemani v Cinquemani, supra; Silbert v Silbert,* 22 AD2d 893, affd 16 NY2d 564).

We also note that the decedent's neighbor was properly permitted to testify concerning the decedent's request that the account be opened in the joint names for the purpose of convenience. The decedent's statements were not hearsay as their probative value rested on the fact that they were made and not

on the truth or falsity of the statements themselves (see *Loetsch v New York City Omnibus Corp.*, 291 NY 308, 311; *Matter of Doreen J. v Thomas John F.*, 101 AD2d 862). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.