■ In the Matter of the Estate of HUGO MAROCCHI, De-

ceased. JANET MAROCCHI, as Administratrix of the Estate of HUGO MAROCCHI, Deceased, Appellant; GEMMA GEORGE, Respondent.—In a discovery proceeding under SCPA 2103, petitioner appeals from (1) a decision of the Surrogate's Court, Queens County (Laurino, S.), dated July 5, 1984, which determined that the respondent was the owner of a jointly held bank account and entitled to the proceeds thereof, (2) so much of a decision of the same court, dated November 26, 1984, as denied her application to direct the respondent to turn over certain rent proceeds, and (3) so much of a resettled decree of the same court, dated January 2, 1985, as was entered upon said decisions, determining the ownership of the bank account and failing to direct respondent to turn over the rent proceeds.

Appeals from the decisions dismissed, without costs or disbursements. No appeal lies from a decision (Matter of McKay, 1 AD2d 693).

Resettled decree affirmed, insofar as appealed from, without costs or disbursements.

In 1954, decedent Hugo Marocchi opened a savings account in his name at the Hamburg Savings Bank. In June 1983, a few days before decedent's death, the account was changed to a joint account in the names of decedent and respondent. On this appeal, petitioner claims first, that decedent's signature was forged on the bank account signature card, and second, that she rebutted the presumption created by Banking Law § 675 that decedent and respondent were joint tenants of the account, by presenting evidence at trial that a fiduciary or confidential relationship existed between decedent and respondent, and that the account was created merely as a matter of convenience.

The Surrogate determined that "petitioner made an unconvincing attempt to show that the signature card was a forgery", and that petitioner failed to sustain her burden to rebut the presumption of joint tenancy.

Banking Law § 675 "provides that the making of a deposit in the name of the depositor and another to be paid to either or to the survivor is prima facie evidence that the depositor intended to create a joint tenancy and that where such a deposit is made, the burden of proof is on the one challenging the presumption of joint tenancy" (Brezinski v Brezinski, 94 AD2d 969; Matter of Camarda, 63 AD2d 837). Since the petitioner sought to rebut the presumption that a valid joint tenancy had been intended and created, she could only prevail

by "direct proof or substantial circumstantial proof, clear and convincing and sufficient to support an inference that the joint account had been opened in that form as a matter of convenience" *(Matter of Coddington,* 56 AD2d 697, 698), or by "proving undue influence, fraud, or lack of capacity" *(Brezinski v Brezinski, supra; see also, Matter of Kleinberg v Heller,* 38 NY2d 836, 840).

Based upon our review of the record we agree with the Surrogate's conclusion that the facts that decedent and respondent were brother and sister who resided together and that decedent was confined to the hospital at the time he executed the bank account signature card are insufficient to establish that a confidential or fiduciary relationship existed between them. Also, the proof in this case did not demonstrate that decedent intended the joint account to be opened merely for convenience. Rather, the testimony of decedent's nephew and cousin, and decedent's actions prior to his death in executing the bank card, make it clear that decedent intended to make a gift to the respondent by changing the title of the account. We further agree with the Surrogate that petitioner failed to prove by clear and convincing evidence that the challenged bank signature card was a forgery. Although petitioner's expert in handwriting analysis maintained that decedent's signature had been forged based upon her comparison of exemplars of decedent's handwriting, the trial court obviously gave no weight to this testimony. Instead, it apparently credited the testimony of the bank manager that the bank found nothing unusual about the bank signature card, which was compared to decedent's prior bank signature card at the time respondent's name was added to the title of the account.

Finally, we find no merit to petitioner's contention that the Surrogate's Court erred in failing to direct respondent to return to petitioner certain rent proceeds which she admittedly collected from a tenant of the premises determined to be solely owned by the estate. The record indicates that the trial court sustained petitioner's objection to any testimony by respondent as to her claims for reimbursement for moneys she expended upon the upkeep and maintenance of the premises, stating that it would "address itself to that problem in an accounting proceeding" and not in this discovery proceeding. Respondent also apparently withdrew about $3,200 from the joint account after decedent's death to pay for his funeral expenses. Thereafter, the court denied petitioner's request for additional relief "with respect to the turn over of rents" in its November 26, 1984 memorandum decision. Petitioner's claim

for recovery of the rent proceeds, as well as respondent's apparent claim for reimbursement of expenses, should be presented and further explored in an accounting proceeding. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.