■ In the Matter of JOSEPH MICHAELS, by His Proposed Guardian ad Litem, FLORENCE KRUSEN, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services dated August 26, 1988, made after a statutory fair hearing, which affirmed a determination of the Nassau County Department of Social Services dated May 13, 1988, that the petitioner was ineligible for medical assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

On April 29, 1988, Florence Krusen applied for medical assistance on behalf of her father, the petitioner Joseph Michaels. The local agency denied the application for medical assistance since approximately $30,000 from a joint bank account held by the petitioner with his daughter had been transferred to his son, grandchildren, and great grandchildren in 1986 and 1987. At the fair hearing, the petitioner's daughter testified that the petitioner was the sole depositor of the funds in the account and that he paid her $150 a month in rent. The State Commissioner affirmed the denial of assistance by the local agency, concluding that all the funds were the sole property of the petitioner. We agree, and find that substantial evidence supports the determination that the joint account had been opened in that form merely as a matter of convenience (see, Brezinski v Brezinski, 94 AD2d 969; Wacikowski v Wacikowski, 93 AD2d 885). Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.