**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Burton I. KOFFMAN and Richard E. Koffman, Defendants.**

**Misc. No. 3167.**

United States District Court, N.D. New York.

April 29, 1994.

New York Legal Services Office, New York City, for plaintiff; Marguerite Sagatelian, of counsel.

Levin, Gouldin & Thompson, Binghamton, N.Y., for defendants; Jeffrey A. Loew, of counsel.

### MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

Plaintiff Federal Deposit Insurance Corporation ("FDIC") has served restraining notices upon the Binghamton Savings Bank ("BSB") and also upon Smith Barney Shear-

---

son, Inc. ("Smith Barney") to satisfy a money judgment rendered against defendants Burton I. Koffman and Richard E. Koffman. Presently before the court is a motion made by the defendants to vacate or modify these restraining notices.

### I.

On July 27, 1993, the FDIC obtained a money judgment against the defendants for $6,842,982.00 in a contested proceeding in the United States District Court for the Northern District of Illinois. On December 2, 1993, the FDIC domesticated this judgment by registering and docketing the said judgment with this court and thereafter, in the Offices' of the County Clerk of Broome County, New York County and Onondaga County.

To this date the money judgment has remained wholly unsatisfied. The instant motion arises out of restraining notices served by the FDIC upon various institutions in order to satisfy the outstanding money judgment. The FDIC alleges that the defendants possess an actual interest in these assets.

The defendants have moved to vacate or modify the restraining notices on several grounds. These grounds are: (1) the funds held in BSB account number 360735302 do not belong to the defendants; (2) the FDIC is entitled to only one-half of the funds deposited in the joint checking accounts held at BSB; and (3) individual retirement accounts and charitable organization accounts held at Smith Barney are exempt from seizure pursuant to N.Y.Civ.Prac.L. & R. § 5205 (McKinney 1993) ("CPLR").

#### A. BSB Account Number 360735302

Defendants initially assert that the restraining notice directed at BSB account number 360735302 should be vacated because defendants do not have actual or direct interest in the account.

In New York, restraining notices may be served on one who is not a judgment-debtor if,

at the time of service, he or she owes a debt to the judgment debtor or obligor or

he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.

CPLR § 5222(b). If the judgment creditor satisfies these requirements, the restraining notices are valid and the property may be levied upon unless the judgment debtor can demonstrate that the property in question is exempt from such levies pursuant to CPLR § 5205.

The BSB account in question is a checking account held in the name of defendant Richard E. Koffman and in his name alone. With this fact, there can be no doubt that the FDIC has satisfied the requirements of CPLR § 5222(b). Therefore, defendants may not exempt the account in question from judgment creditors unless defendants can demonstrate that the account falls under a recognized personal property exemption under CPLR § 5205. Defendants have failed to do so. Thus, the restraining notice on BSB account number 360735302 is not vacated nor modified, and defendants' motion is denied as to this account.

Defendants' argument that the account should be exempt from levy because they have no direct or actual control over the account is footless. Defendants rely on two New York cases which do not support their contention. For example, defendants cite to *Claymont v. Levitt*, 140 A.D.2d 578, 528 N.Y.S.2d 644 (2d Dep't 1988) for the proposition that the defendants must have an actual interest in a property before the plaintiff can levy on such a property. Furthermore, defendants cite to *H.J. O'Connell Assocs., Ltd. v. Insurance Pension and Welfare Fund of Roofers Local No. 241*, 86 Misc.2d 259, 381 N.Y.S.2d 659 (Sup.Ct. Albany County 1976) to support their contention that direct interest must also be shown in order to levy on personal property.

Defendants reliance on these cases are misplaced because these cases are easily distinguishable. Both cases deal with the issue of whether the personal property in question was in actuality the judgment-debtor's. *See Claymont*, 528 N.Y.S.2d at 645 (restraining notice directed at artwork where the ownership of same was at issue); *H.J. O'Connell Assocs., Ltd.*, 381 N.Y.S.2d at 660 (restraining notice directed at a bank account not held by the judgment-debtor). When the facts of a case give rise to the issue of who owns the personal property in question, then the correct analysis would be to inquire into whether the judgment-debtor had an actual and direct interest in the property. *See Claymont*, 528 N.Y.S.2d at 645; *H.J. O'Connell Assocs., Ltd.*, 381 N.Y.S.2d at 660. But if ownership is not in dispute, then such analysis would not be required.

In the case at bar, the checking account in question is held in Richard E. Koffman's name and in his name alone. The ownership of this account can not be disputed. Therefore, the cases cited by defendants have no application here. Accordingly, the defendants have failed to demonstrate to the court a sound legal basis in which to grant their instant motion as to BSB account number 360735302.

### B. BSB Account Numbers 360985774, 324088087, and 310035456

■ As for defendants' joint accounts, the law is clear in that "so long as both tenants are living, each has a 'present unconditional property interest in an undivided one half of the mon[ies] deposited.'" *Brezinski v. Brezinski*, 94 A.D.2d 969, 463 N.Y.S.2d 975, 976 (4th Dep't 1983) (quoting *Matter of Kleinberg v. Heller*, 38 N.Y.2d 836, 841, 382 N.Y.S.2d 49, 345 N.E.2d 592 (1976)). Such presumption of joint tenancy may be rebutted only if "direct proof or substantial circumstantial proof, clear and convincing and sufficient to support an inference that the joint account had been opened in that form as a matter of

convenience." *Brezinski*, 463 N.Y.S.2d at 976.

Defendants have acquiesced that the FDIC is entitled to one-half of the funds deposited in their joint accounts at BSB. Thus, defendants are ordered to turnover to the FDIC one-half of all the funds on deposit, through the date of compliance with this order, in BSB joint accounts 360985774,[1] 324088087,[2] and 310035456[3] to partially satisfy the judgment.

### C. Smith Barney Account Numbers 36668031, 36605264, and 36607254

■ Defendants are also seeking to vacate restraining notices directed at Smith Barney account numbers 36668031, 36605264, and 36607254. It is their contention that these accounts represent either Individual Retirement Accounts or Charitable Organization Accounts and thus, are exempt from levies pursuant to CPLR § 5205.

The FDIC does not dispute the legal basis in which the defendants seek to vacate the restraining notices. The FDIC, however, is asking the court not to disturb the restraining notices until it can confirm defendants assertions through discovery.

Since the prejudice to the FDIC would greatly outweigh any prejudice to the defendants if the restraining notices are vacated or modified at this time, the restraining notices directed at Smith Barney account numbers 36668031, 36605264, and 36607254 are to stay in full force and effect for thirty (30) days from the date of this order to enable the FDIC to conduct discovery to confirm defendants' assertions.

### D. Remaining Accounts

Finally, while defendants had made references to certain Smith Barney accounts in defendants' moving papers, defendants have failed to state a legal basis as to why these restraining notices should be vacated or modified. Accordingly, there are no grounds to vacate or modify the restraining notices di-

---

1. Joint account held by defendant Burton I. Koffman and his wife Ruthanne Koffman.

2. Joint account held by defendant Richard E. Koffman and his wife Sara Koffman.

3. *Id.*

rected at Smith Barney account numbers 36669004, 36669006, 36681058, 36681022, and 36681065, and they will remain in full force and effect. Thus, defendants' motion is denied as to these accounts.

## II.

For the stated reasons, defendants' motion to vacate or modify restraining notices directed at BSB account number 360735302 and Smith Barney account numbers 36669004, 36669006, 36681058, 36681022, and 36681065 is denied.

Defendants' motion is also denied as to BSB account numbers 360985774, 324088087, and 310035456, and defendants are ordered to turnover to the FDIC one-half of all the funds on deposit in these three accounts, through the date of compliance with this order.

Furthermore, defendants' motion is denied as to the restraining notices directed at Smith Barney account numbers 36668031, 36605264, and 36607254. These notices are to stay in full force and effect for only thirty (30) days from the date of this order to enable the FDIC to conduct discovery in connection with defendants assertions.

**IT IS SO ORDERED.**