■ THOMAS FRAGETTI, Appellant, v DIANE FRAGETTI, Respondent. [692 NYS2d 442] —In an action to set aside a separation agreement, the plaintiff husband appeals from a judgment of the Supreme Court, Richmond County (Cannizzaro, J.H.O.), dated April 27, 1998, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Generally, the deposit of funds into a joint account constitutes prima facie evidence of an intent to create a joint tenancy (*see,* Banking Law § 675). The presumption created by Banking Law § 675 can be rebutted "by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only" (*Wacikowski v Wacikowski,* 93 AD2d 885).

Here, the parents of the defendant wife were the sole source of the funds in the joint accounts, the interest earned on the account was reported under the parents' Social Security numbers and not the defendant's, the defendant's name was added to the account as a convenience in the event of the parents' illness or disability, and the defendant made no deposits or withdrawals on her own behalf. As a result, the trial court properly found that the wife rebutted the presumption of ownership of the funds (see, *Viggiano v Viggiano,* 136 AD2d 630; *Wacikowski v Wacikowski, supra*).

The defendant's failure to disclose these joint accounts in her statement of net worth does not, standing alone, constitute fraud or overreaching sufficient to vitiate the parties' postnuptial agreement (see, *Panossian v Panossian,* 172 AD2d 811; *Eckstein v Eckstein,* 129 AD2d 552).

The plaintiff's remaining contention lacks merit. Ritter, J. P., Altman, Krausman and Florio, JJ., concur.