■ In the Matter of the Estate of EFTEHIA MATSIS, Deceased. ARISTIDES MATSIS, Appellant; HOMER MATSIS, Respondent. [711 NYS2d 769] —In a proceeding for an intermediate accounting, the objectant appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated November 6, 1998, which denied his motion to set aside the Referee's report, dated September 2, 1998.

■ In the Matter of the Estate of SOPHIA MATSIS, Deceased. ARISTIDES MATSIS, Appellant; DEMOSTHENES MATSIS, Respondent. [711 NYS2d 764] —In a proceeding pursuant to SCPA 2103 to discover assets belonging to the estate of Sophia Matsis, the petitioner appeals from (1) a Referee's report, dated April 7, 1999, (2) an order of the Surrogate's Court, Queens County (Nahman, S.), dated June 7, 1999, which, upon denying his motion to modify the Referee's report, confirmed the report, and (3) an order of the same court, dated June 23, 1999, which denied his motion to dispense with an administrative bond.

Ordered that the appeal from the Referee's report is dismissed (*see,* CPLR 5701 [a] [2]), without costs or disbursements; and it is further,

Ordered that the order dated June 7, 1999, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 23, 1999, is reversed, on the law, without costs or disbursements, and the motion is granted.

"While there is a presumption that the parties to a joint account are each entitled to an equal share (Banking Law, § 675), it is well settled that the presumption is not conclusive and may be rebutted by evidence showing that the depositor

established the account for convenience and not with the intention of conferring a present beneficial interest on the party claiming the half share" (*Matter of Friedman,* 104 AD2d 366, 367).

The proof in this case established that the money placed in the joint account belonged to the respondent and that it was his intention to place the decedent's name on the account merely for convenience in the event of illness or death. In such circumstances, we find that the presumption of a tenancy in common was effectively rebutted.

As the petition was properly dismissed, the petitioner's motion to dispense with an administrative bond should have been granted.

The petitioner's remaining contention is without merit. Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.