In the Matter of the Estate of MARION T. FAYO, Also Known as MARION FAYO, Deceased. ROSALIE CERIALE, Respondent; MARGARET FAYO, Appellant. [776 NYS2d 855]—

In a proceeding for the judicial settlement of the intermediate account of the co-executors, Rosalie Ceriale and Ann Marie Buck, of the estate of Marion T. Fayo, also known as Marion

Fayo, the objectant appeals from (1) a decision of the Surrogate's Court, Orange County (Slobod, S.), dated January 23, 2003, and (2), as limited by her brief, from so much of a decree of the same court dated February 13, 2004, as, after a nonjury trial, in effect, determined that the proceeds of four bank accounts did not constitute assets of the decedent's estate.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent, payable by the appellant personally.

The objectant contends that the proceeds of three joint bank accounts and one Totten Trust account constituted assets of the decedent's estate. Generally, the deposit of funds into a joint account "in the name of such depositor . . . and another person and in form to be paid or delivered to either, or the survivor of them" constitutes prima facie evidence of an intent to create a joint tenancy (Banking Law § 675 [a], [b]). The presumption of a joint tenancy created by Banking Law § 675 can be rebutted by evidence showing that "the depositor established the account for convenience and not with the intention of conferring a present beneficial interest" (Matter of Friedman, 104 AD2d 366, 367 [1984], affd 64 NY2d 743 [1984]), or by proving undue influence, fraud, or lack of capacity (see Matter of Marocchi, 117 AD2d 670, 671-672 [1986]; Brezinski v Brezinski, 94 AD2d 969 [1983]; Matter of Coddington, 56 AD2d 697 [1977]).

Contrary to the objectant's contention, "[t]he burden of proof in refuting such prima facie evidence is upon the party or parties challenging the title of the survivor" (Banking Law § 675 [b]). Here, the Surrogate's Court properly determined that the presumption under Banking Law § 675 applied to the accounts in question. The objectant failed to establish undue influence, fraud, lack of capacity, or that the accounts were established for convenience. Therefore, the Surrogate's Court properly determined that the joint accounts were not assets of the decedent's estate.

Since the named beneficiary of the Totten Trust account in question survived the decedent, and since the decedent's will did not purport to revoke the trust, title to the funds vested in the beneficiary (see Matter of Totten, 179 NY 112 [1904]; Matter of Bobeck, 143 AD2d 90, 91-92 [1988]). Thus, the Totten Trust account was also properly excluded from the decedent's estate (see EPTL 7-5.2 [4]; Matter of Bobeck, supra).

The objectant's remaining contentions are without merit. Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.