■ In the Matter of the Estate of ANNE M. COSTANTINO, Deceased. LYNN REITZ, Respondent; JOANNE QUIRION, Appellant; and DAVID S. BRODERICK, as Niagara County Public Administrator and Fiduciary of the Estate of ANNE M. COSTANTINO, Deceased, Respondent. [818 NYS2d 394]—

Appeal from an order of the Surrogate's Court, Niagara County (Sara S. Sperrazza, S.), entered May 13, 2004. The order, among other things, granted in part petitioner's motion seeking summary judgment dismissing the objections of respondent Joanne Quirion to the petition for judicial settlement of the account of proceedings.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that the issues to be determined at the hearing with respect to objection No. 4 are whether a joint tenancy with right of survivorship was created and, if it is determined that no such tenancy was created, whether the expenditures in question were on behalf of the estate of Anne M. Costantino and as modified the order is affirmed without costs.

Memorandum: Joanne Quirion (respondent) appeals from an order granting in part petitioner's motion seeking summary judgment dismissing respondent's objections to the petition for judicial settlement of the account of proceedings filed by respondent David S. Broderick, the public administrator and fiduciary of the estate of the mother of petitioner and respondent (hereafter, fiduciary). On June 10, 1993, decedent and respondent established three joint accounts with right of survivorship. It is undisputed that, with the exception of approximately $5,000

deposited by respondent into one joint account, decedent deposited the remainder of the funds that were in the joint accounts at the time of her death on June 14, 1999. On October 31, 2001, respondent signed a document wherein she "agree[d] to release control of [the joint] accounts to" the fiduciary. Respondent had by that time withdrawn the $5,000 that she had deposited and had expended an additional $5,499.68. In his account, the fiduciary proposed to reduce respondent's share of the estate by $5,499.68 inasmuch as he treated the joint accounts as "convenience" accounts and therefore determined that respondent expended $5,499.68 that rightfully belonged in the estate. In objection No. 1 to the fiduciary's account, respondent contended that, upon decedent's death, the money in the accounts became the sole property of respondent and should therefore be returned to her. Respondent further contended in objection No. 4 that, in any event, the amount of $5,499.68 should not be deducted from her share of the estate because "[s]he used some of that money to pay debts of the estate." Petitioner sought summary judgment dismissing the objections, and Surrogate's Court granted the motion in part by, inter alia, dismissing objection Nos. 1 and 3 and directing with respect to objection No. 4 that, if respondent "can establish [at a hearing] that the sum of $5,499.68 was expended personally by her to pay for debts and expenses of the Decedent, she is entitled to an adjustment for these items."

We conclude that the Surrogate properly granted that part of petitioner's motion with respect to objection No. 1 based on her determination that, pursuant to the terms of the document executed by respondent on October 31, 2001, respondent released and relinquished her control over the joint accounts. Thus, the Surrogate therefore properly determined with respect to objection No. 1 that respondent is not entitled to the return of the funds in those joint accounts. We reject the contention of respondent that the Surrogate erred in refusing to consider parol evidence in connection with her contention that there were conditions upon which she agreed to release control of the joint accounts. "The parol evidence rule bars admission of antecedent or contemporaneous oral representations to vary or add to the terms of [the] written [document]" (*SAA-A, Inc. v Morgan Stanley Dean Witter & Co.*, 281 AD2d 201, 203 [2001]; *see Holland v Ryan*, 307 AD2d 723, 724 [2003]).

We agree with respondent, however, that the Surrogate erred with respect to the scope of the hearing concerning objection No. 4. The deposit of funds into a joint account owned by joint tenants "shall, in the absence of fraud or undue influence, be

prima facie evidence . . . of the intention of both depositors . . . to create a joint tenancy and to vest title to such deposit . . . in such survivor. The burden of proof in refuting such prima facie evidence is upon the party . . . challenging the title of the survivor" (Banking Law § 675 [b]). The statutory presumption is triggered by the language that appears on the bank documents establishing that decedent and respondent are joint tenants with the right of survivorship (*see Matter of Stalter*, 270 AD2d 594, 595 [2000], *lv denied* 95 NY2d 760 [2000]). There is no evidence to support a claim of fraud, undue influence or lack of capacity, and petitioner therefore was required to "tender 'direct proof or substantial circumstantial proof, clear and convincing and sufficient to support an inference that the joint account had been opened in that form as a matter of convenience only' " (*id.* at 596). Petitioner failed to meet that burden, inasmuch as respondent's release of the funds remaining in the accounts to the fiduciary "is [not] conclusive [with respect] to the key underlying issue, i.e., decedent's intent at the time that the account bearing respondent's name was created" (*id.*; *cf. Matter of Johnson*, 7 AD3d 959, 960 [2004], *lv denied* 3 NY3d 606 [2004]). We therefore modify the order by providing that the issues to be determined at the hearing with respect to objection No. 4 are whether a joint tenancy with right of survivorship was created and, if it is determined that no such tenancy was created, whether the expenditures in question were on behalf of decedent's estate. Present—Scudder, J.P., Kehoe, Smith and Pine, JJ.