■ In the Matter of the Estate of RUTH RICHICHI, Deceased. JOSEPH RICHICHI, Respondent; CARMELA ORTOLANO, Appellant. [832 NYS2d 57]—

In a probate proceeding, the objectant Carmela Ortolano appeals from an order of the Surrogate's Court, Richmond County (Fusco, S.), dated September 28, 2005, which granted that branch of the motion of the petitioner Joseph Richichi which was for summary judgment determining that certain bank and brokerage accounts are assets of the decedent's estate.

Ordered that the order is affirmed, with costs.

In July 1989, the decedent opened a joint bank account and a joint brokerage account with her daughter, Carmela Ortolano, using the decedent's own funds and funds the decedent received after her husband's death. In October 1989 the decedent executed a will which provided that the joint accounts she had established with her children had been created "solely for convenience," and that her entire estate, including the jointly held assets, should be distributed in equal shares to all four of her children. In 1998 all of the decedent's children signed an agreement acknowledging that the decedent's accounts held jointly with her children had been established "as a convenience." After the decedent's death in 2003, Ortolano claimed ownership of the funds in the two joint accounts bearing her name. The Surrogate's Court granted that branch of the motion of Joseph Richichi, the decedent's son and the co-executor of her estate, which was for summary judgment determining that the subject accounts are assets of the decedent's estate. We affirm.

Generally, the deposit of funds into a joint account constitutes prima facie evidence of an intent to create a joint tenancy (*see* Banking Law § 675). The presumption created by Banking Law § 675 can be rebutted " 'by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only' " (*Fragetti v Fragetti*, 262 AD2d 527, 527 [1999], quoting *Wacikowski v Wacikowski*, 93 AD2d 885, 885 [1983]; *see Matter of Friedman*, 104 AD2d 366 [1984], *affd* 64 NY2d 743 [1984]).

Contrary to Ortolano's contention, Joseph Richichi rebutted the presumption of joint tenancy through clear and convincing evidence, including the decedent's will and the 1998 agreement signed by her children, both of which expressly stated that the joint accounts had been established for the sake of convenience.

Moreover, permitting Ortolano to retain the balance of the brokerage account, which represented the bulk of the decedent's estate, would frustrate the decedent's intention, clearly expressed in her will, that all four of her children share equally in her estate (*see Matter of Camarda*, 63 AD2d 837, 839). In response to Joseph Richichi's demonstration of his entitlement to judgment as a matter of law, Ortolano failed to offer competent evidence raising a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Prudenti, P.J., Schmidt, Krausman and Balkin, JJ., concur.