■ In the Matter of the Estate of SYLVIA DUBIN, Deceased. SUSAN BROOKS et al., Respondents; JOAN LEVINE, Appellant, et al., Respondents. [864 NYS2d 526]—

In a contested probate proceeding, the objectant Joan Levine appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated April 17, 2007, as, upon a decision of the same court dated March 8, 2007, granted that branch of the petitioners' motion which was for summary judgment directing her to turn over to the decedent's estate the proceeds from the sale of the decedent's interest in Garvies Point Realty, LLC, together with the decedent's capital account in that company in the principal sum of $28,357.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment directing the appellant to turn over to the decedent's estate the decedent's capital account in Garvies Point Realty, LLC, in the principal sum of $28,357, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 2004, approximately eight months before her death, the decedent sold her interest in Garvies Point Realty, LLC (hereinafter Garvies Point), for the sum of $151,388.90. The proceeds were placed in a joint checking account in the names of the decedent and the objectant Joan Levine. After the decedent's death, the objectant retained the proceeds in the account. The petitioners Susan Brooks and Richard Brooks, coexecutors of the decedent's estate, moved, inter alia, for summary judgment directing the objectant and the decedent's brother (Melvin Dubin) to turn over the proceeds in the joint checking account to the estate, together with the decedent's capital account in Garvies Point in the principal sum of $28,357. The objectant opposed such relief on the ground that the account was hers by right of survivorship. The Surrogate's Court, among other things, granted that branch of the petitioners' motion which was for summary judgment directing the objectant to turn over the proceeds in the joint checking account to the estate, together

with the capital account in Garvies Point. The objectant appeals. We modify.

Generally, the deposit of funds into a joint account constitutes prima facie evidence of an intent to create a joint tenancy (*see Matter of Richichi,* 38 AD3d 558 [2007]; *Matter of Fayo,* 7 AD3d 795 [2004]). Furthermore, survivorship language on bank documents, such as that found on the client agreement here, triggers the presumption in Banking Law § 675 that the account is a joint account with right of survivorship (*see Matter of Costantino,* 31 AD3d 1097 [2006]). However, the statutory presumption may be rebutted by direct proof that no joint tenancy was intended, or substantial circumstantial proof that the joint account was opened for convenience only (*see Matter of Richichi,* 38 AD3d 558 [2007]; *Matter of Fayo,* 7 AD3d 795 [2004]). Here, the petitioners submitted evidence sufficient to demonstrate, prima facie, that no joint tenancy was intended by the decedent, and that the joint checking account was opened for convenience only.

When examined concerning the account, Melvin Dubin testified that the decedent sold her interest in Garvies Realty upon his recommendation in order to generate funds to help defray her medical and living expenses. Further, he testified, because the decedent had confidence in his judgment and recommendation, she entrusted the details of the sale and the disposition of the funds to him, and he did not discuss the details with her. Consequently, he testified, although the decedent signed the account documents, he decided on a joint checking account and "arbitrarily" selected the objectant as the cosignatory as a "protective device." Dubin asserted that, on prior occasion, large checks had been issued for the benefit of the petitioners from an account on which only the decedent was the signatory. Thus, he opined, "it was important to have a cosignator." Finally, Dubin testified, as far as he was concerned, the account was for the benefit of the decedent and her creditors, and he saw no reason why the account should not be turned over to the estate.

When examined concerning the account, the objectant agreed that she could be properly characterized as the "custodian" of the account, and testified that she had been made a signatory merely as a "safeguard" because Dubin didn't want the decedent's money to be "plundered." The objectant testified that, at the direction of Dubin, she had written checks from the account on behalf of the decedent totaling $22,750. Checks were written both before and after the decedent's death. When questioned, the objectant did not claim any right to the proceeds

in the joint checking account by right of survivorship. Rather, she testified, she had retained the proceeds because she understood that she had been willed the decedent's interest in Garvies Point.

This testimony was sufficient to demonstrate, prima facie, that the decedent did not open the joint checking account with an intent of creating a joint tenancy with a right of survivorship in the objectant, but rather that the account was opened as a mere convenience (cf. *Matter of Katz*, 43 AD3d 442 [2007]). In opposition, the objectant failed to raise a triable issue of fact. Thus, the proceeds in the joint checking account were properly ordered to be turned over to the estate.

However, the petitioners failed to demonstrate, prima facie, that the objectant was in possession or control of the decedent's capital account in Garvies Point in the principal sum of $28,357. Indeed, the scant evidence concerning the capital account in the record—an assignment, transfer, and release signed by the decedent—suggests that the capital account was included in the sale price. Thus, that branch of the petitioners' motion which was for summary judgment directing the objectant to return the capital account to the estate should have been denied.

Motion by the petitioners-respondents on appeal from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated April 17, 2007, to strike point 1-B of the appellant's reply brief. By decision and order on motion of this Court dated April 14, 2008 [2008 NY Slip Op 69094(U)], the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon argument of the appeal, it is

Ordered that the motion is denied. Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.