LAURENCE M. JACKS, Appellant, v JEANMARIE D'AMBROSIO et al., Respondents. [892 NYS2d 503]—

Banking Law § 675 provides that, when a deposit has been made with any banking organization in the name of the depositor and another person "in form to be paid or delivered to either, or the survivor of them, such deposit . . . and any additions thereto made . . . shall become the property of such persons as joint tenants" (Banking Law § 675 [a]). In the

absence of fraud or undue influence, such deposit will be prima facie evidence of the parties' intention to create a joint tenancy (*see* Banking Law § 675 [b]). Contrary to the plaintiff's contention, the defendants rebutted the statutory presumption by presenting "evidence showing that the depositor established the account for convenience and not with the intention of conferring a present beneficial interest on" the plaintiff (*Matter of Friedman,* 104 AD2d 366, 367 [1984], *affd* 64 NY2d 743 [1984]; *see Fragetti v Fragetti,* 262 AD2d 527 [1999]; *Viggiano v Viggiano,* 136 AD2d 630 [1988]; *Brezinski v Brezinski,* 94 AD2d 969 [1983]; *Wacikowski v Wacikowski,* 93 AD2d 885 [1983]).

The Supreme Court also appropriately concluded that the familial relationship between the defendant Jean Marie D'Ambrosio and the decedent in this case counterbalanced any legal presumption that the decedent's decision to withdraw the funds from the subject bank accounts was the product of undue influence (*see Matter of Walther,* 6 NY2d 49, 56 [1959]; *Matter of Swain,* 125 AD2d 574, 575 [1986]). Thus, the burden of proving undue influence rested with the plaintiff (*see Matter of Connelly,* 193 AD2d 602, 602 [1993]). The plaintiff failed to meet his burden by adducing evidence that undue influence was actually utilized (*see Matter of Fiumara,* 47 NY2d 845, 846 [1979]; *Matter of Walther,* 6 NY2d at 55; *Matter of Chiurazzi,* 296 AD2d 406 [2002]). Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.