In the Matter of HARRY YAROS, Deceased. NEAL YAROS, Appellant; MARK GREENBERG, as Limited Administrator of the Estate of LAURA YAROS GREENBERG, Deceased, Respondent. [935 NYS2d 627]—

In general, the deposit of funds into a joint account constitutes prima facie evidence of an intent to create a joint tenancy (*see* Banking Law § 675; *Jacks v D'Ambrosio*, 69 AD3d 574, 574 [2010]; *Matter of Dubin*, 54 AD3d 947, 949 [2008]; *Matter of Richichi*, 38 AD3d 558, 559 [2007]; *Matter of Fayo*, 7 AD3d 795, 796 [2004]). The statutory presumption created by Banking Law § 675, however, can be rebutted "by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only" (*Matter of Richichi*, 38 AD3d at 559 [internal quotation marks omitted]; *see Matter of Dubin*, 54 AD3d at 949; *Wacikowski v Wacikowski*, 93 AD2d 885 [1983]).

Here, the petitioner submitted evidence sufficient to rebut the statutory presumption that a joint account was created. Although Laura Yaros Greenberg (hereinafter Greenberg), the decedent's daughter, claimed a right of survivorship in the account, she previously described the account as a "dual signature account," which her father wanted so that his money would be "safeguarded." In addition to these statements, which supported the conclusion that the account was created as a convenience account, evidence was submitted showing that the decedent was the sole depositor to the account, that Greenberg never made any withdrawals from the account, and that the creation of a joint account would represent a substantial deviation from the decedent's previously expressed testamentary plan (*see Matter of Concoran*, 63 AD3d 93, 97 [2009]; *Matter of Richichi*, 38 AD3d at 560; *Wacikowski v Wacikowski*, 93 AD2d at 885; *Matter of Camarda*, 63 AD2d 837, 839 [1978]). Further, although the account was marked as a "joint account with rights of survivorship," the account agreement specified that the decedent and Greenberg were both required to sign before any payment or delivery of property would be made. Such language indicates that the decedent did not intend to make a present gift of one-half of the account (*see Matter of Zecca*, 152 AD2d 830, 831 [1989]). Under the circumstances, this evidence was sufficient to demonstrate, prima facie, that the decedent did not open the account with the intent of creating a joint tenancy with a right of survivorship.

In opposition to the petitioner's prima facie showing, however,

Greenberg raised triable issues of fact concerning the decedent's intent (*cf. Matter of Dubin*, 54 AD3d at 949). In addition to relying upon the account documents and statutory presumption under the Banking Law, Greenberg presented deposition testimony from a bank employee who was present when the account was created. That employee testified, among other things, that she had explained to the decedent the "gift tax implications" that he would incur, and that the decedent "understood" the implications of "giving [away] half of his assets." As this evidence established the existence of triable issues of fact as to the decedent's intent, the Surrogate's Court properly denied the petitioner's motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.