KAI HONG HOM, Respondent, v BILL HOM, Appellant, et al., Defendants. [955 NYS2d 630]—

The plaintiff owned real property with his late wife. In 1988 they executed a deed purporting to transfer the premises to themselves and their son, the appellant Bill Hom (hereinafter the appellant), as joint tenants with the right of survivorship. The plaintiff's wife died two years later. In subsequent years, the plaintiff opened a bank account with Abacus Federal Savings Bank and a brokerage account with HSBC Brokerage, both of which were opened jointly in the names of the plaintiff and the appellant.

In 2006 the plaintiff commenced this action seeking, inter

alia, a judgment declaring that he is the sole owner of the property and the two financial accounts, and directing that the appellant's name be removed from all indicia and records of title or ownership. After a nonjury trial, the Supreme Court entered judgment in favor of the plaintiff and against the appellant, inter alia, declaring that the plaintiff is the sole owner of the property and the financial accounts. In determining that the plaintiff did not have a present intention to transfer an interest in the property to the appellant, despite having placed his name on the deed, the Supreme Court found that the appellant had not paid any consideration toward the purchase of the property, or any contribution toward its upkeep. Thus, the Supreme Court concluded that there was no completed inter vivos gift of an interest in the property. With respect to the financial accounts, the Supreme Court determined that the appellant's name was added to the two accounts solely for convenience.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see DePaula v State of New York*, 82 AD3d 827 [2011]; *Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933 [2009]). Here, the Supreme Court's findings were warranted by the facts and will not be disturbed. The Supreme Court credited the plaintiff's testimony that the appellant did not make any contributions toward the purchase of the premises or to have his name added to the deed, and discredited the appellant's testimony to the contrary. " 'Where the findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations' " (*Papovitch v Papovitch*, 84 AD3d 1045, 1046 [2011], quoting *Praimnath v Torres*, 59 AD3d 419, 419-420 [2009]).

Moreover, the evidence supported the Supreme Court's finding that there was no completed inter vivos gift of an interest in the premises. "An inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership; if the intention is to make a testamentary disposition effective only after death, the gift is invalid unless made by will" (*Gruen v Gruen*, 68 NY2d 48, 53 [1986]; *see Greene v Greene*, 92 AD3d 838 [2012]; *Ross v Ross Metals Corp.*, 87 AD3d 573, 575 [2011]). The plaintiff testified that the appellant's name was added to the deed so that, upon the deaths of him and his wife, the

premises would be transferred to the appellant, and not their daughters, in accordance with Chinese tradition. The appellant conceded that he heard his parents express this purpose to the attorney who prepared the deed. Further, the Supreme Court credited the plaintiff's testimony that he continued to pay all expenses of the premises with no contribution from the appellant, and it was undisputed that the appellant never reported any rental income from the premises on his tax returns (*see Byrd v Brown*, 208 AD2d 582 [1994]; *cf. Pell St. Nineteen Corp. v Yue Er Liu Mah*, 243 AD2d 121 [1998]).

The Supreme Court's finding that the appellant's name was added to the bank and brokerage accounts solely for convenience also was warranted by the facts. In general, the deposit of funds into a joint bank or brokerage account constitutes prima facie evidence of an intent to create a joint tenancy (*see* Banking Law § 675; *Matter of Yaros*, 90 AD3d 1063 [2011]; *Matter of Corcoran*, 63 AD3d 93, 96 [2009]). The statutory presumption created by Banking Law § 675 can be rebutted, however, " 'by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only' " (*Matter of Yaros*, 90 AD3d at 1064, quoting *Matter of Richichi*, 38 AD3d 558, 559 [2007]; *see Crescimanno v Crescimanno*, 33 AD3d 649 [2006]; *Fragetti v Fragetti*, 262 AD2d 527 [1999]; *Matter of Phelps v Kramer*, 102 AD3d 908 [1984]).

The plaintiff testified that he added the appellant's name to the accounts at the suggestion of bank officials, so that the appellant could retrieve the funds upon his death. Given the lack of documentary substantiation, the Supreme Court discredited the appellant's testimony that he deposited any funds into either account, or into previous accounts which were the source for the initial deposits. The court credited the plaintiff's testimony that the accounts were funded with his own money, without contribution by the appellant. Deference is owed to this credibility determination (*see Papovitch v Papovitch*, 84 AD3d 1045 [2011]; *Praimnath v Torres*, 59 AD3d 419 [2009]). Although the appellant made one withdrawal from the Abacus Federal Savings Bank account, such withdrawal was not raised at trial and was thus unexplained. The plaintiff made all other transactions, received all brokerage statements, and held the only passbook for the bank account. Further, the plaintiff had limited command of the English language and the appellant was the only child residing with him when the accounts were opened (*see Plotnikoff v Finkelstein*, 105 AD2d 10 [1984]; *Brezinski v Brezinski*, 94 AD2d 969 [1983]). Accordingly, the Supreme

Court's finding that the plaintiff rebutted the statutory presumption of Banking Law § 675 was warranted by the facts and will not be disturbed.

The appellant's remaining contention is without merit. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.