■ JOHN MARSHALL et al., Respondents, v ANTHONY RO-MANO et al., Appellants.—In an action, *inter alia,* seeking specific performance of a real estate purchase contract, the defendants appeal from an order of the Supreme Court, Richmond County (Kuffner, J.), dated December 19, 1986, which denied their motion to dismiss the complaint and granted the plaintiffs' cross motion for partial summary judgment for specific performance of the purchase contract.

Ordered that the order is affirmed, with costs.

No procedural error occurred in the Supreme Court's failure to notify the defendants before ruling on the plaintiffs' cross motion for summary judgment. The defendants were aware of the relief sought in the plaintiffs' cross motion and submitted a reply affidavit in opposition thereto. Under such circumstances there was no need for the court to give notice to the defendants before ruling on the cross motion *(see, Ross v Keon,* 110 AD2d 832, *lv denied* 66 NY2d 606).

In the plaintiffs' answering affidavit and cross motion for summary judgment they submitted evidentiary proof that the defendants refused to convey title to their house on the day set for closing. Although the plaintiffs and their attorneys were present at the place and time set for closing on October 4, 1985, the defendants and their counsel were not. A telephone call was made to the defendants' counsel, who insisted on an additional payment of $2,000. The plaintiffs consented to this additional payment provided the defendants and their counsel would attend the closing and complete the sale of the house. The defendants refused to attend the closing as agreed.

The defendants argue that the sale of their house was conditioned on their ability to purchase a second house and arrange both closings for the same day. Under such circumstances it is the responsibility of the court to interpret the written instrument and determine the intention of the parties from the language stated therein *(see, Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 349; 22 NY Jur 2d, Contracts, § 189). In reviewing the contract between the parties the court must determine the objective of the contract and the purpose of the parties in entering into the agreement *(New York Bank for Sav. v Cortlandt St.,* 106 AD2d 496). The defendants have failed to set forth facts in evidentiary form to raise as a triable issue whether the sale of their home was subject to their purchasing another home in New Jersey. The contract simply called for an arrangement whereby both contracts of sale could close on the same day and further included a

provision limiting adjournments. The plaintiffs here tendered evidentiary proof, in a form admissible at trial, that the defendants breached the contract. In opposition to this evidence there was but a statement by one of the defendants to the effect that there was never an agreement to close on the day in question. Under such circumstances the defendants failed to meet their burden of proof, or raise a question as to a triable issue of fact (see, CPLR 3212 [b]; *First Family Mtge. Corp. v Lubliner*, 113 AD2d 868; *Peckman v Mutual Life Ins. Co.*, 125 AD2d 244). Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.