■ JOAN WASHINGTON, Respondent, v JOHN DEFENSE, Appellant, et al., Defendant.—In an action, *inter alia,* to impose a constructive trust on real property, the defendant John Defense appeals (1) from a judgment of the Supreme Court, Nassau County (Widlitz, J.), dated November 2, 1987, which, after a nonjury trial, awarded the plaintiff a one-third equitable interest in the property and awarded her an equitable lien thereon in the amount of $47,677 until December 28, 1987, (2) from an order of the same court (Saladino, J.), entered May 25, 1988, upon the appellant's default in answering a supplemental complaint, which declared that his conveyance of the subject property to himself and his wife is null and void, directed that his wife's name be stricken from the deed, and appointed a receiver to sell the property, and (3) as limited by his brief, from so much of an order of the same court (Saladino, J.), dated August 4, 1988, as denied that branch of his motion which was to vacate the order entered May 25, 1988.

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeal from the order entered May 25, 1988 is dismissed, because no appeal lies from an order entered upon the default of an aggrieved party (CPLR 5511); and it is further,

Ordered that the order dated August 4, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In 1977, the plaintiff and the appellant purchased for $11,000 a parcel of property in Freeport which is the subject of this action to impose a constructive trust. The plaintiff paid $1,000 toward the down payment on the property. The contract of sale contained the appellant's name only, and all subsequent building and mortgage loans were in his name alone. However, the record reveals that the plaintiff did all the necessary preparatory work in obtaining these loans. In addition, she obtained a loan on her home in Amityville, the proceeds of which she contributed to the construction of a house on the Freeport property. Additionally, she received a gift of $8,000 from her father which she also invested in the Freeport property. The plaintiff painted, laid tile, and installed insulation in the house. She testified that she invested her labor and money in reliance upon the appellant's promise that he would put the deed in both their names as tenants in common. The couple and the plaintiff's children moved into the Freeport house in 1978. The plaintiff subsequently sold her Amityville house and invested the proceeds from this sale in the Freeport house. While the couple lived in Freeport, the plaintiff contributed to the mortgage payments and other household expenses. In November 1985 she moved out of the house and subsequently commenced this action.

The appellant claims that the Supreme Court erred in imposing a constructive trust on the property in the plaintiff's favor. In view of the foregoing circumstances, we disagree. A constructive trust may be imposed upon adequate proof of the following four elements: "(1) a confidential or fiduciary relation[ship], (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (Sharp v Kosmalski, 40 NY2d 119, 121). Accordingly, a constructive trust will be imposed when an unfulfilled promise to convey an interest in property induces another, in the context of a confidential relationship, to give the promisor property resulting in unjust enrichment (see, McGrath v Hilding, 41 NY2d 625). The appellant maintains that the plaintiff has failed to establish, as a fundamental prerequisite to the imposition of a constructive trust, that she had a legal interest in the property prior to his promise to convey (see, Bontecou v Goldman, 103 AD2d 732, 733). The appellant further contends that this prior interest must be defined as actual title. The contention is without merit. The plaintiff clearly had an equitable interest in the property from the outset, as she invested the original $1,000 toward the down payment on the land. The evidence demonstrates that she contributed this money in reliance upon the appellant's promise to put the deed in their names as tenants in common.

The plaintiff's interest increased as she expended more money, labor, and time in the construction of the house on the property. While she never had actual title, the plaintiff's interest in the property is overwhelmingly established by virtue of these expenditures. Accordingly, inasmuch as the plaintiff has proven the existence of a confidential relationship, a promise, a transfer in reliance on that promise, and unjust enrichment, the Supreme Court acted properly in imposing a constructive trust in her favor.

Similarly unavailing is the appellant's contention that the court erred in denying that branch of his subsequent motion which was to vacate a prior order, entered upon his default in answering a supplemental complaint which, *inter alia,* set aside his conveyance of the subject property to himself and his wife as tenants by the entirety. The appellant failed to demonstrate the existence of a meritorious defense, as the challenged conveyance occurred shortly after the plaintiff commenced this action and filed a notice of pendency on the property, and was obviously intended to frustrate the plaintiff's attempt to obtain her equitable remedy. Inasmuch as the appellant was on notice of the action and its potential effect on his title *(see,* CPLR 6501), he cannot now be heard to complain. Additionally, the appellant did not establish a reasonable and acceptable excuse for the default.

We have examined the appellant's remaining claims of error and find them to be either unpreserved for appellate review or without merit *(see, Matter of Case,* 24 AD2d 797; *DeJesus v Finnegan,* 137 AD2d 649). Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.