■ EDWARD MARTIN, Appellant-Respondent, v ROSE MARTIN, Respondent-Appellant.—In an action for a divorce and

ancillary relief, (1) the plaintiff husband appeals from so much of a judgment of the Supreme Court, Nassau County (Loewy, J.H.O.), dated September 30, 1988, as (a) denied his application for the imposition of a constructive trust upon certain real property located at 68 East Hudson Street, Long Beach, New York, and (b) failed to award him any share in the accumulated rental income of four jointly-owned properties for the years 1981-1987, and (2) the defendant wife cross-appeals from so much of the same judgment as failed to award her all of the appreciation in value of the four jointly-owned properties which was not attributable to random market fluctuation.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the plaintiff's argument, the Supreme Court properly denied his application to impose a constructive trust on realty located at 68 East Hudson Street in Long Beach, New York, and owned by the defendant. Generally, a constructive trust may be imposed when property has been acquired under such circumstances that the holder of legal title may not in good conscience retain the beneficial interest therein *(see, Sharp v Kosmalski,* 40 NY2d 119, 121). To establish a constructive trust, it must be shown that there exists (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance therein, (4) a breach of the promise, and (5) unjust enrichment *(see, Scivoletti v Marsala,* 97 AD2d 401, 402, *affd* 61 NY2d 806). A constructive trust will be imposed where property is parted with on faith of an oral or implied promise to reconvey "but none may be imposed by one who has no interest in the property prior to obtaining a promise" to reconvey *(Matter of Wells,* 36 AD2d 471, 474, *affd* 29 NY2d 931; *see also, Washington v Defense,* 149 AD2d 697). Since the plaintiff's testimony failed to establish such an interest, his application for the imposition of a constructive trust was properly denied.

We have examined the remaining arguments raised by the parties and find them to be without merit *(see, Price v Price,* 69 NY2d 8; *Wegman v Wegman,* 123 AD2d 220; *cf., Lenczycki v Lenczycki,* 152 AD2d 621, 624). Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.