■ TST/IMPRESO, INC., Respondent, v COSMOS FORMS, LTD., Defendant, and JUDITH G. SCHWIMMER, Appellant. [609 NYS2d 59] —In an action to recover on a personal guarantee of payment for goods sold and delivered, the defendant Judith Goldfinger Schwimmer appeals from (1) an order of the Su-

preme Court, Kings County (Yoswein, J.), dated May 19, 1992, which denied her motion to dismiss the complaint and granted the plaintiff's cross motion for summary judgment, and (2) a judgment of the same court, dated May 29, 1992, which is in favor of the plaintiff and against her in the principal sum of $143,993.52.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The appellant initially contends that the Supreme Court improperly granted the plaintiff's cross motion for summary judgment, since issue had not yet been joined. We disagree. While the plaintiff's cross motion was technically premature *(see,* CPLR 3212 [a]; *Hickey v Travelers Ins. Co.,* 158 AD2d 112, 114), CPLR 3211 (c) permits a motion pursuant to CPLR 3211 to be treated as one for summary judgment where "adequate notice" has been given to the parties. In this case, before interposing an answer, the appellant moved to dismiss the complaint for failure to state a cause of action *(see,* CPLR 3211 [a] [7]), and the plaintiff then cross-moved for summary judgment in its favor. Accordingly, the appellant cannot claim that she lacked adequate notice that the issue of summary judgment was before the court *(see, Rotunno v Rotunno,* 193 AD2d 592; *Marshall v Romano,* 138 AD2d 360), particularly when the motion papers indicate that the parties were "deliberately charting a summary judgment course" *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320; *see, Mihlovan v Grozavu,* 72 NY2d 506, 508).

Upon our review of the record, we find that the Supreme Court properly granted the plaintiff summary judgment with respect to the complaint. Contrary to the appellant's contentions, the written memorandum memorializing her personal guarantee was not unenforceable due to a failure to satisfy the Statute of Frauds *(see,* General Obligations Law § 5-701 [a] [2]) or a lack of adequate consideration *(see, Sun Oil Co. v Heller,* 248 NY 28, 32-33; *Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701; *see also, Dunkin' Donuts v*

*Liberatore,* 138 AD2d 559, 561; *Briggs Lbr. Co. v Friedman,* 37 AD2d 786, 787; *Halpern v Rosenbloom,* 459 F Supp 1346, 1354; *cf., Martin Roofing v Goldstein,* 60 NY2d 262, 265, *cert denied* 466 US 905).

Moreover, a grant of summary judgment in favor of the plaintiff was not precluded by the appellant's allegation that the guarantee was subject to a condition precedent. Such an allegation amounts, in essence, to an oral modification that contradicts the express terms of the written memorandum, and proof by parol evidence is inadmissible to sustain that allegation *(see, Hicks v Bush,* 10 NY2d 488; *Studley v National Fuel Gas Supply Corp.,* 107 AD2d 122, 125; *Hirsch v Berger Import & Mfg. Corp.,* 67 AD2d 30, 33; *see generally,* Richardson, Evidence § 613 [Prince 10th ed]). Also, upon review of the record, we conclude that the appellant's contention that certain alleged oral misrepresentations by the plaintiff induced her to execute the written memorandum raise "feigned" rather than "genuine" issues, and is insufficient to create a triable issue of fact to defeat the plaintiff's summary judgment motion *(see, Rubin v Irving Trust Co.,* 305 NY 288, 306; *Curry v Mackenzie,* 239 NY 267, 270; *Columbus Trust Co. v Campolo, supra,* at 616-617).

We have examined the appellant's remaining contentions and find that they are without merit. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.