■ DONALD V. POLINSKIE et al., Respondents, v MARIE A. PHILLIPS, Appellant. [648 NYS2d 333] —In an action, *inter alia,* to impose a constructive trust, the defendant appeals from so

much of an order of the Supreme Court, Queens County (Lane, J.), dated August 16, 1995, as denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiffs sought to impose a constructive trust upon funds in accounts established by the decedent, Anne Ripko. The accounts named the sister of the decedent, Olga Scheock, as a joint tenant with a right of survivorship. The decedent's daughter, the plaintiff Patricia Polinskie, and the decedent's grandchildren, the plaintiffs Donald and Alexis Polinskie (hereinafter collectively the plaintiffs), contend that the monies in these accounts were held for their benefit and were to be distributed to them upon the death of the decedent. Since the commencement of this action, Olga Scheock died and Marie A. Phillips, as executor of her estate, was substituted as the defendant.

Contrary to the Supreme Court's ruling, the defendant demonstrated her entitlement to judgment as a matter of law. The plaintiffs have failed to meet their burden of producing evidentiary proof in admissible form establishing the existence of material questions or facts (*see, Zuckerman v City of New York,* 49 NY2d 557, 560-562). The record is bare of any evidence in admissible form that the joint accounts were established for the sake of convenience (*cf., Matter of Friedmann,* 104 AD2d 366, 367, *affd* 64 NY2d 743; *Matter of Camarda,* 63 AD2d 837, 838-839). In addition, the record does not contain any evidence to support a finding of any promise, express or implied, to convey the joint accounts to the plaintiffs. Consequently, a constructive trust cannot be imposed on these accounts (*see, Scivoletti v Marsala,* 61 NY2d 806, 808; *Walker v Hassall,* 212 AD2d 981, 981-982). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.