■ BELA GLUCK, Appellant, v SOLOMON FLEISCHMAN et al., Respondents. [650 NYS2d 597] —In an action to impose a constructive trust on real property, the plaintiff appeals (1) from an order and judgment (one paper) of the Supreme Court, Kings County (Held, J.), dated June 15, 1995, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the plaintiff's complaint and directed the plaintiff to vacate the premises and deliver possession thereof to the defendant Rachel Leah Fleischman, and (2) from an order of the same court dated December 21, 1995, which denied the plaintiff's motion, in effect, for reargument.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

An examination of the moving papers on the motion to reargue and renew indicates that the motion was not based on new facts but rather on new legal arguments, and was therefore essentially a motion for reargument *(see, F & G Heating Co. v Board of Educ.,* 103 AD2d 791). No appeal lies from an order denying a motion to reargue *(see, Frankel v Frankel,* 67 AD2d 719).

The court properly granted the defendants' motion for summary judgment dismissing the plaintiff's complaint, since, in

opposition to the defendants' motion, the plaintiff failed to put forth any evidence, beyond unsubstantiated allegations, that he ever had an equitable interest in the property *(see, Washington v Defense,* 149 AD2d 697). Such unsubstantiated allegations are insufficient to defeat a motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.