SHIA OSTREICHER et al., Respondents, v ERNEST OSTREICHER et al., Appellants. [657 NYS2d 357] —In an action for the imposition of a constructive trust, the defendants appeal from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated March 6, 1996, which denied their motion for summary judgment dismissing the complaint, and (2) an order of the same court dated May 14, 1996, which, *inter alia,* granted that branch of the plaintiffs' motion which was to stay a proceeding to evict the plaintiffs pending before the Civil Court, Kings County, entitled *Ostreicher v Ostreicher* (Index No. 98215), pending hearing and determination of the action.

Ordered that the appeal from the order dated May 14, 1996, is dismissed as academic; and it is further,

Ordered that the order dated March 6, 1996, is reversed, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The essential elements needed for the imposition of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see, Simonds v Simonds,* 45 NY2d 233; *Sharp v Kosmalski,* 40 NY2d 119; *Weiss v Weiss,* 186 AD2d 247). Here, in opposition to the defendants' motion, the plaintiffs failed to put forth any evidence, beyond unsubstantiated allegations, to support the imposition of a constructive trust (*see, Gluck v Fleischman,* 233 AD2d 420; *Doria v Masucci,* 230 AD2d 764; *Davidman v Davidman,* 175 AD2d 232; *Martin v Martin,* 169 AD2d 821; *Washington v Defense,* 149 AD2d 697). Such unsubstantiated allegations are insufficient to defeat a motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted.

In light of our above determination, the defendants' appeal from the order dated May 14, 1996, is academic. Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.