■ STAMATIS RAPANAKIS, Respondent, v CONNIE ATHANASIOU et al., Defendants, and CARL G. COHEN, Appellant. [672 NYS2d 397] —In an action, *inter alia,* to recover damages for fraud and deceit, the defendant Carl G. Cohen appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 26, 1996, as denied his motion for summary judgment dismissing the amended complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the amended complaint is dismissed insofar as asserted against the defendant Carl G. Cohen, and the action against the remaining defendants is severed.

The plaintiff attempted to purchase from the defendants Connie Athanasiou and Sevastianos Athanasiou a one-third interest in the defendant Food Corp. for $125,000. The amended complaint alleged, *inter alia,* that the defendant Carl G. Cohen was an attorney who improperly represented all parties to the transaction, and together with the individual codefendants, fraudulently induced the plaintiff to enter into the agreement of sale. It is undisputed that the transaction was never consummated, and that Connie Athanasiou and Sevastianos Athanasiou never returned the plaintiff's $64,000 down payment.

However, the representations in the agreement of sale that the subject stock would be transferred cannot serve as a predicate for the third cause of action alleging fraud and deceit,

since they were statements which were promissory in nature at the time they were made and which related to future actions or conduct (*see, Brown v Lockwood,* 76 AD2d 721, 731; *cf., Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 407). Consequently, that branch of Cohen's motion which was for summary judgment dismissing the third cause of action should have been granted.

We also conclude that the fifth, sixth, and seventh causes of action also should have been dismissed since the plaintiff did not raise any issue of fact as to his claims that Cohen was representing him in the transaction at issue, or that $46,000 of the down payment was to be kept in escrow.

In light of our decision, Cohen's remaining contention is academic. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.