■ MADISON HOME EQUITIES, INC., Respondent, v LUIS F. ECHEVERRIA et al., Appellants. [698 NYS2d 703] —In an action to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Nassau County (DeMaro, J.), dated August 4, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The lynchpin of the plaintiff's action to recover damages for fraud is a letter dated October 19, 1994, typed on the letterhead of the corporate defendant and signed by the individual defendant, who was the sole shareholder, director, and officer of the corporate defendant. The letter represented that certain premises "will be delivered vacant at closing", and was signed by the individual defendant in his corporate capacity. Accordingly, the plaintiff failed to meet its burden of piercing the corporate veil so as to impose personal liability on the individual defendant (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141-142; *Kopec v Hempstead Gardens,* 264 AD2d 714).

Summary judgment should also have been granted to the corporate defendant since the statement in the letter was a promissory statement relating to future action (*see, Rapanakis v Athanasiou,* 250 AD2d 583; *Kopec v Hempstead Gardens, supra*) and, in any event, the plaintiff "had the means available to [it] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation" (*Schumaker v Matler,* 133 NY 590, 596; *see also, Jachetta v Vivona Estates,* 249 AD2d 512). Joy, J. P., Krausman and Feuerstein, JJ., concur.

H. Miller, J., dissents and votes to affirm the order appealed from, with the following memorandum: I believe that the plaintiff met its burden of demonstrating the existence of a triable issue of fact sufficient to defeat the defendant's motion for summary judgment. Accordingly, I respectfully dissent.

The plaintiff commenced this action against the defendants

alleging that it was induced to approve a mortgage to a third party based upon a letter purportedly sent to it by the corporate defendant stating that the premises to be burdened by the mortgage would be "delivered vacant at closing". Shortly after the closing of title, it was discovered that the premises were occupied by rent-stabilized tenants. After the mortgagor defaulted, the plaintiff acquired the premises in foreclosure.

I believe that the Supreme Court correctly denied summary judgment because issues of fact exist as to whether the representation allegedly made by the corporate defendant was made with a preconceived and undisclosed intention of not performing it (*see, Graubard Mollen Dannet & Horowitz v Moskovitz,* 86 NY2d 112; *Deerfield Communications Corp. v Chesebrough-Ponds,* 68 NY2d 954; *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403; *Sabo v Delman,* 3 NY2d 155; *Couri v Westchester Country Club,* 186 AD2d 712). There is also an issue of fact regarding the individual defendant's liability, since a corporate officer may be individually liable for fraudulent acts or false representations in which he participates, even though his actions may be in furtherance of the corporate business (*see, A-1 Check Cashing Serv. v Goodman,* 148 AD2d 482; *see also, Westminster Constr. Co. v Sherman,* 160 AD2d 867; *Widlitz v Scher,* 148 AD2d 530).