■ RACHEL KLEINMAN et al., Appellants, v MITCHELL KLEINMAN, Respondent, et al., Defendant. [721 NYS2d 674] —In an action, *inter alia,* to impose a constructive trust on the proceeds of a life insurance policy, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered April 3, 2000, as granted that branch of the motion of the defendant Mitchell Kleinman pursuant to CPLR 3211 (c) which was for summary judgment dismissing the first cause of action to impose a constructive trust insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1994 Daniel Kleinman obtained a life insurance policy from William Penn Life Insurance Company of New York which named his brother Mitchell Kleinman (hereinafter the defendant) as the sole beneficiary. Daniel Kleinman died in 1998. His children, the plaintiffs, Rachel Kleinman and Charles Kleinman, commenced this action for the imposition of a constructive trust on the proceeds of the policy and to recover damages based on the breach of an alleged agreement between their father and the defendant. The plaintiffs contend that their father named the defendant as the sole beneficiary in reliance on the defendant's promise to use the proceeds exclusively for their benefit.

The Supreme Court granted the defendant's motion and dismissed the complaint. On appeal, the plaintiffs have abandoned their breach of contract claim and argue that they sufficiently established the elements of a constructive trust to defeat the defendant's motion.

Contrary to the plaintiffs' contention, the Supreme Court properly treated the motion as one for summary judgment. The defendant moved in the alternative for relief under CPLR 3211 (a) (7) and (c), and the plaintiffs cross-moved for summary judgment pursuant to CPLR 3211 (c). Accordingly, the plaintiffs cannot claim that they lacked notice that the issue of summary judgment was before the court (see, TST/Impreso, Inc. v Cosmos Forms, 202 AD2d 493).

The plaintiffs failed to demonstrate that they will be able to establish the elements of a constructive trust (see, Sharp v Kosmalski, 40 NY2d 119, 121). Of the parties to the alleged promise to use the insurance proceeds exclusively for the benefit of the plaintiffs, only the defendant survives, and he denied that Daniel elicited such a promise in exchange for naming him the sole beneficiary. Rather, the defendant denied any knowledge that he was the sole beneficiary until shortly before Daniel's death, and he claimed that Daniel asked him simply to handle the proceeds of his policy, without imposing any restrictions or conditions. The plaintiffs failed to produce evidence sufficient to raise a triable issue of fact as to their claim that Daniel transferred property to the defendant in reliance on a promise (see, Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939). The plaintiffs' reliance on Markwica v Davis (64 NY2d 38) is misplaced, as in that case a promise to name the decedent's children as beneficiaries of his life insurance policy was contained in a separation agreement.

The plaintiffs failed to present sufficient evidence that the distribution of the insurance proceeds to the defendant would constitute unjust enrichment under the circumstances of this case. Daniel Kleinman was a practicing attorney and undoubtedly understood his options to name his children as beneficiaries of his insurance policy or to establish a trust for their benefit. Evidence that Daniel trusted the defendant to use the proceeds for the benefit of the plaintiffs, while imposing a moral obligation on the defendant, is insufficient to meet the legal requirements for the imposition of a constructive trust. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.