■ JOSEPH CERABONO, Appellant, v DEANNA PRICE, Respondent. [775 NYS2d 585]—

In an action, inter alia, to impose a constructive trust on certain real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Loughlin, J.), dated January 7, 2003, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The elements needed for the imposition of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Simonds v Simonds,* 45 NY2d 233, 241-242 [1978]; *Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Levy v Moran,* 270 AD2d 314, 315 [2000]; *Ostreicher v Ostreicher,* 238 AD2d 392, 393 [1997]). In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to set forth sufficient evidence, beyond mere conclusory assertions, to support the imposition of a constructive trust (*see Kleinman v Kleinman,* 281 AD2d 459, 460 [2001]; *Ostreicher v Ostreicher, supra; Gluck v Fleischman,* 233 AD2d 420 [1996]; *Doria v Masucci,* 230 AD2d 764, 765-766 [1996]; *see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Moreover, the plaintiff failed to raise a triable issue of fact that he had any interest in the property before obtaining the promise to convey it to him (*see Martin v Martin,* 169 AD2d 821, 822 [1991]; *Matter of Lefton,* 160 AD2d 702, 703-704 [1990]; *Gargano v V.C. & J. Constr. Corp.,* 148 AD2d 417, 419 [1989]; *Scivoletti v Marsala,* 97 AD2d 401, 402 [1983], *affd* 61 NY2d 806 [1984]; *cf. Ladone v Ladone,* 121 AD2d 512, 513 [1986]).

Also, upon the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact with respect to his cause of action alleging actual fraud. To sustain a cause of action based on actual fraud, the plaintiff had to establish that (1) the defendant made material representations that were false, (2) the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) the plaintiff justifiably relied on the defendant's representations, and (4) the plaintiff was injured as a result of the defendant's representations (*see Giurdanella v Giurdanella,* 226 AD2d 342, 343 [1996]; *Matter of Garvin,* 210 AD2d 332, 333 [1994]). The general rule is that fraud cannot be predicated upon statements that are promissory in nature at the time they are made and which relate to future actions or conduct (*see Rand v Laico,* 282 AD2d 444 [2001]; *Rapanakis v Athanasiou,* 250 AD2d 583, 584 [1998]; *Brown v Lockwood,* 76 AD2d 721, 731, [1980], *cf. Banc of Am. Commercial Fin. Corp. v Issacharoff,* 188 Misc 2d 790, 793-794 [2000]). The plaintiff failed to sufficiently demonstrate that he justifiably relied, to his detriment, upon the defendant's alleged misrepresentation. Indeed, the alleged misrepresentation amounted to nothing more than a mere unfulfilled promise as to what the defendant would do in the future, and thus, it is not actionable as fraud (*see Brown v Lockwood, supra*). In addition,

the Supreme Court correctly denied the plaintiff's cross motion for leave to amend his complaint (*see Leszczynski v Kelly & Mc-Glynn*, 281 AD2d 519, 520 [2001]; *Tarantini v Russo Realty Corp.*, 273 AD2d 458, 459 [2000]).

In light of the foregoing, we do not reach the plaintiff's remaining contentions. Smith, J.P., Krausman, Crane and Mastro, JJ., concur.