■ RONALD PARR, Appellant-Respondent, v RONKONKOMA REALTY VENTURE I, LP, et al., Respondents-Appellants. [819 NYS2d 550]—

In an action to impose a constructive trust on certain real property, to recover damages for breach of contract, and for specific performance of an agreement to acquire certain shares of common stock, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated April 8, 2005, as granted those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, fifth, and sixth causes of action seeking the imposition of a constructive trust, and the defendants cross-appeal from so much of the same order as denied those branches of their mo-

tion which were for summary judgment dismissing the ninth and tenth causes of action alleging breach of contract and for specific performance.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's third, fourth, fifth, and sixth causes of action seeking the imposition of a constructive trust are denied, and those causes of action are reinstated; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In support of those branches of their motion which were for summary judgment dismissing the complaint, the defendants made a prima facie showing that the plaintiff had no ownership interest in the real property at issue, the conveyance of which was the basis for the plaintiff's constructive trust claim, and the purported consideration for the plaintiff's breach of contract claim. Therefore, the defendants established their entitlement to judgment as a matter of law dismissing the plaintiff's constructive trust claims inasmuch as they demonstrated that, in the absence of some interest in the property, the plaintiff could not and did not effectuate a transfer of the subject real property in reliance upon their alleged promise, a necessary element of a cause of action seeking the imposition of a constructive trust upon property (*see Cerabono v Price,* 7 AD3d 479, 480 [2004]; *Martin v Martin,* 169 AD2d 821, 822 [1991]; *Matter of Lefton [Bedell],* 160 AD2d 702, 703-704 [1990]; *Bontecou v Goldman,* 103 AD2d 732, 733 [1984]). In opposition to the defendants' showing, however, the plaintiff raised a triable issue of fact with respect to these causes of action by submitting a written agreement between himself, among others, and North Fork Bank (hereinafter the bank), dated April 8, 1999, pursuant to which the bank obligated itself, in consideration of the plaintiff's discontinuance of a lawsuit, to convey the subject property to him if he paid it, inter alia, the sum of $3 million by April 30, 1999. Because it is undisputed that the bank or its designee conveyed the real property to the defendants prior to the close of business on that date, the plaintiff raised a triable issue of fact as to whether he had an equitable interest in the real property at the time it was conveyed (*see Heritage Art Galleries v Raia,* 173 AD2d 441 [1991]; *Scharaga v Schwartzberg,* 149 AD2d 578, 579 [1989]; *see also Crossland Sav. v Foxwood & S. Co.,* 202 AD2d 544, 546 [1994]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.,* 98 AD2d 400, 404-405 [1983]). Thus, the

Supreme Court should not have granted those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, fifth, and sixth causes of action seeking the imposition of a constructive trust upon the real property (*see generally Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]).

Similarly, by evidence that the plaintiff did not possess an interest in the subject real property, the defendants established their entitlement to judgment as a matter of law dismissing the plaintiff's claims alleging breach of contract and for specific performance of the written agreement. By the same proof described above, however, the plaintiff raised a triable issue of fact as to whether he is entitled to consideration from the defendant Pitcairn Properties, Incorporated (hereinafter PPI), in the form of cash or stock, as payment for the relinquishment of his equitable interest in the real property, as set forth in a memorandum signed by an officer of PPI. Consequently, the court properly denied those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's claims alleging breach of contract and for specific performance, set forth in the ninth and tenth causes of action. Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.