■ In the Matter of the Estate of ESTHER C. KATZ, Deceased. EDWARD KATZ, Appellant-Respondent; SHERYL KATZ et al., Respondents-Appellants. [843 NYS2d 84]—

In a consolidated proceeding, inter alia, to settle the account of Edward Katz, the executor under the will of Esther C. Katz, and to revoke the letters testamentary and letters of trusteeship issued to Edward Katz, (1) Edward Katz appeals from so much of an order of the Surrogate's Court, Rockland County (Del Pizzo, S.), dated November 29, 2005, as, after a hearing, granted the sixth numbered objection of Sheryl Katz to the accounting to the extent of determining that a certain joint account opened by the decedent at Prudential Securities should have been included in the estate, and (2) Tyler Joseph Katz and Sheryl Katz, as personal representative of the estate of Gary Katz, and as mother and natural guardian of Kayla Ann Katz, Tarynn Hailey Katz, Austin Reid Katz, and Dylan Ross Katz cross-appeal, as limited by their brief, from so much of the same order as denied the third, fourth, and fifth numbered objections of Sheryl Katz to the accounting and denied their petition, inter alia, to revoke the letters testamentary and letters of trusteeship issued to Edward Katz and to appoint a successor fiduciary to complete the administration of the estate and the testamentary trust.

Ordered that the cross appeal by Tyler Joseph Katz from so much of the order as denied the third, fourth, and fifth numbered objections of Sheryl Katz to the accounting is dismissed, as he is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the facts, (1) by deleting the provision thereof granting the sixth numbered objection of Sheryl Katz to the extent of determining that a certain joint account opened by the decedent at Prudential Securities should have been included in the estate and substituting therefor a provision denying the sixth numbered objection of Sheryl Katz in its entirety, and (2) by deleting the provisions thereof denying the third and fifth numbered objections of Sheryl Katz and substituting therefor provisions granting the third and fifth numbered objections of Sheryl Katz; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Rockland

County, for a hearing in accordance herewith to determine the amount of the surcharge to be imposed for Edward Katz's failure to sell certain shares in the Bank Street Fund; and it is further,

Ordered that within 60 days after service upon him of a copy of this decision and order, Edward Katz shall serve and file with the Surrogate's Court an amended accounting setting forth, in schedule G thereof, the deceased's personal property, including the contents of her home.

The Surrogate's Court erred in determining that a certain joint brokerage account opened by the decedent and her son, the executor/trustee Edward Katz, at Prudential Securities was not a true joint tenancy but was established merely as a matter of convenience. The documentary and testimonial evidence in the record supports Edward Katz's contention that the subject account was opened by him and the deceased as joint tenants with right of survivorship. Therefore, the contents of the account should not have been included as part of the estate, and the sixth numbered objection of Sheryl Katz should have been denied in its entirety (*see Polinskie v Phillips*, 232 AD2d 466 [1996]).

Moreover, the Surrogate's Court erred in denying the third numbered objection of Sheryl Katz, which challenged the executor/trustee's decision to invest part of the estate's funds in a "very volatile, highly speculative" investment vehicle. The account of the executor/trustee reveals that, at the time of her death, the decedent held approximately $28,056 in shares of the Bank Street Fund, a small mutual fund founded and managed by, among others, the executor/trustee. Pursuant to the terms of the decedent's will, the executor/trustee was specifically directed to place 50% of the decedent's property in trust for the benefit of the decedent's son, Gary Katz, to be invested and reinvested "in Certificates of Deposit and/or Money Market Accounts." The executor/trustee, however, elected instead to retain all of the decedent's shares in the Bank Street Fund, and, in the two years following the decedent's death, the shares lost approximately 97% of their value. Under the circumstances, we agree with the objectant, Sheryl Katz, who is the personal representative of the estate of Gary Katz, that the executor/trustee breached the terms of the will and engaged in imprudent management in violation of EPTL 11-2.2 (a) (1). Accordingly, the executor/trustee should be surcharged with respect to Gary Katz's share of the Bank Street Fund holdings. "Where, as here, a fiduciary's imprudence consists solely of negligent retention of assets it should have sold, the measure of damages is the

value of the lost capital, [i.e.,] the value of the stock on the date it should have been sold, [less] the proceeds from the sale of the stock" (*Matter of Janes*, 90 NY2d 41, 55 [1997]). Nevertheless, because the record is unclear as to the date on which the Bank Street Fund shares should have been sold, and the value of the shares on that date, we remit the matter to the Surrogate's Court for a hearing to determine the amount of the surcharge to be imposed.

Moreover, we agree with the objectant Sheryl Katz that the executor/trustee failed properly to account for the deceased's personal property, including the contents of her home. Therefore, the fifth numbered objection of Sheryl Katz should have been granted, and the executor/trustee must file an amended accounting.

The remaining contentions of Tyler Joseph Katz and Sheryl Katz are without merit. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.