■ MICHAEL PEREIRA et al., Respondents, v GARY GLICKER et al., Appellants, et al., Defendant. [876 NYS2d 910]—In an action, inter alia, to impose a constructive trust upon certain real property, the defendants Gary Glicker and Frances Glicker appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated November 29, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Gary Glicker and Frances Glicker for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiffs seek to impose a constructive trust upon a condominium unit which was acquired in 1992 by their mother,

now deceased, and the appellants, who are a daughter and son-in-law of the decedent. The elements needed for the imposition of a constructive trust are (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Simonds v Simonds,* 45 NY2d 233, 241-242 [1978]; *Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Cerabono v Price,* 7 AD3d 479, 480 [2004]). Here, the appellants made a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), and in response, the plaintiffs failed to raise a triable issue of fact (*see Cerabono v Price,* 7 AD3d 479, 480 [2004]; *Polinskie v Phillips,* 232 AD2d 466, 467 [1996]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.