■ INGRID RAMSEY, Appellant, v JOHN E. RAMSEY, Respondent. [894 NYS2d 73]—

830

The real property which is the subject of this dispute formerly was owned by the plaintiff, the defendant, and their father as joint tenants with rights of survivorship. It is undisputed that, following the father's death, the father's interest in the property passed to the plaintiff and the defendant by operation of law. Several years later, the plaintiff commenced this action, inter alia, for partition of the property. In his answer to the amended complaint, the defendant asserted, as his third affirmative defense, that the plaintiff had failed to join the Village of Scarsdale as a necessary party and, as his sixth affirmative defense, that another action for the same relief already was pending between the parties in the Surrogate's Court, Westchester County (i.e., the probate proceeding with respect to the estate of the parties' father). The plaintiff thereafter moved pursuant to CPLR 3211 (b) to dismiss these defenses, presenting documentary evidence demonstrating that the Village held no interest in the subject property which would be affected by a partition, and that the father's interest in the subject property had passed to the parties by operation of law and outside the estate of their father; the plaintiff argued that, hence, no issue regarding the ownership of the property was before the Surrogate's Court. The plaintiff also separately moved to compel certain disclosure. In response, the defendant's attorney claimed in an affirmation, inter alia, that the parties' rights with regard to the property were currently being litigated in the Surrogate's Court probate proceeding.

The Supreme Court denied the plaintiff's motion to dismiss the third and sixth affirmative defenses and thereupon directed dismissal of the amended complaint, in effect, based upon the sixth affirmative defense, crediting the representation of the defendant's attorney and finding that the same matter already was being litigated in the Surrogate's Court proceeding. The Supreme Court also denied, in effect, as academic, the plaintiff's separate motion to compel disclosure.

The plaintiff subsequently moved for leave to reargue and renew, reiterating her previous contentions and submitting additional evidence that the subject property was not before the Surrogate's Court in the probate proceeding. Following the defendant's submission of opposition papers, the Supreme Court, in the second order appealed from, granted leave to reargue, upon reargument, adhered to its original determination, and denied leave to renew. These appeals by the plaintiff ensued. We reverse the second order insofar as appealed from.

Initially, the plaintiff has submitted documents, of which this Court takes judicial notice (*see Matter of Khatibi v Weill*, 8 AD3d

485 [2004]; *Matter of Allen v Strough*, 301 AD2d 11, 18 [2002]), which demonstrate that, during the pendency of these appeals, the defendant commenced *his own* action for partition of the subject property in the Supreme Court, Westchester County, and that he did not name the Village of Scarsdale as a party in that action. Accordingly, the defendant's conduct constitutes an admission that the Supreme Court is the proper forum for the partition action and that the Village is not a necessary party thereto. Accordingly, he is estopped from taking contrary positions on these appeals with regard to the plaintiff's identical partition action (*see Festinger v Edrich*, 32 AD3d 412 [2006]).

In any event, the Supreme Court clearly erred in adhering to its original determination upon reargument, and in denying the plaintiff leave to renew based on evidence of new developments in the Surrogate's Court proceeding (*see* CPLR 2221). The undisputed documentary evidence submitted by the plaintiff, which included the deed by which the parties and their late father held title to the subject property as joint tenants with rights of survivorship, and an accounting filed by the defendant in the probate proceeding which excluded the subject property from the testamentary estate, clearly demonstrated that the jointly held property was never part of the estate (*see Matter of Katz*, 43 AD3d 442 [2007]; *Matter of Schrier v Tax Appeals Trib. of State of N.Y.*, 194 AD2d 273, 275 [1993]; *Gotte v Long Is. Trust Co.*, 133 AD2d 212, 215 [1987]) and was beyond the jurisdiction of the Surrogate's Court. Since the property was a nontestamentary asset, the plaintiff properly sought its partition in the Supreme Court. The defendant's sixth affirmative defense of "another action pending" (CPLR 3211 [a] [4]) required a showing that the relief sought in the Supreme Court partition action and in the Surrogate's Court probate proceeding was "substantially the same" (*Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]; *see Alpert v Alpert*, 303 AD2d 433 [2003]; *Benenson v SKEK Assoc.*, 293 AD2d 694, 695 [2002]). Since the plaintiff's evidence unequivocally established that these discrete legal proceedings did not seek the same relief or even concern the same property, and there was no other action pending between the parties for the same cause of action in another court (see CPLR 3211 [a] [4]), that branch of the plaintiff's motion which was to dismiss the sixth affirmative defense should have been granted upon reargument and renewal, and the prior order should have been vacated since it was based on a demonstrably false factual representation by the defendant's attorney as to the matters before the Surrogate.

Similarly, even if the defendant were not now judicially

estopped from arguing the defense of failure to join the Village as a necessary party in the partition action (*see* CPLR 3211 [a] [10]), that branch of the plaintiff's motion which was to dismiss the third affirmative defense asserting that the plaintiff failed to join a necessary party should have been granted. The plaintiff submitted undisputed documentary evidence demonstrating that the Village possessed no interest in the property which would be affected by the partition so as to mandate its joinder as a defendant (*see generally* RPAPL 903).

Finally, as the Supreme Court denied, in effect, as academic, the plaintiff's separate motion to compel disclosure of certain documentary evidence, we remit the matter to the Supreme Court, Westchester County, for a determination of that motion on the merits. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.