■ FELICIA IGNERI, Respondent, v PETER IGNERI, JR., Appellant. [4 NYS3d 272]—

In an action, inter alia, to impose a constructive trust, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated July 19, 2013, as denied that branch of his motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action to impose a constructive trust on certain real property in Brooklyn and rents related to the property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action to impose a constructive trust on certain real property in Brooklyn and rents related to the property is granted.

The plaintiff commenced this action against her uncle, the defendant, seeking, inter alia, to impose a constructive trust on certain real property in Brooklyn and rents related to the property. The subject property was previously owned by the plaintiff's now-deceased grandfather, who deeded it to the defendant. The defendant is the brother of the plaintiff's father, who is deceased. The plaintiff alleges that, during her father's lifetime, the property was always treated as jointly owned by the defendant and her father, with the understanding that the plaintiff would inherit her father's interest upon his death. From the time the plaintiff's grandfather died until her father's death, the defendant allegedly shared the rental income with her father, who expended substantial funds to pay taxes and other expenses related to the property, and the plaintiff allegedly coordinated the rental of the apartments. The defendant moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the constructive trust cause of action. The Supreme Court denied that branch of the motion.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), a court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every pos-

sible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Trotta v Ollivier*, 91 AD3d 8, 11-12 [2011]; *Spector v Wendy*, 63 AD3d 820, 821 [2009]). In opposition to a motion to dismiss pursuant to CPLR 3211 (a) (7), the plaintiff may submit an affidavit to remedy any defects in the complaint (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]).

In general, a constructive trust may be appropriate in situations " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]). The necessary elements for imposition of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance on that promise, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d at 121; *Pereira v Glicker*, 61 AD3d 948 [2009]; *Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]).

Here, contrary to the Supreme Court's determination, the plaintiff's complaint, as amplified by her affidavit, does not adequately plead a cause of action to impose a constructive trust on the Brooklyn property. While a confidential relationship exists between the plaintiff and the defendant as uncle and niece, the complaint does not allege the existence of a promise between the plaintiff and the defendant, or a transfer in reliance upon a promise between them.

Further, contrary to the Supreme Court's determination, the plaintiff's allegations in support of a theory that she should be deemed a 50% owner of the Brooklyn property do not adequately plead the elements of a constructive trust. Her claim of entitlement is based on the laws of inheritance, and must be pursued by the executor or administrator of her father's estate (*see Ponnambalam v Sivaprakasapillai*, 35 AD3d 571, 573 [2006]; *Gaentner v Benkovich*, 18 AD3d 424, 426 [2005]).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the cause of action to impose a constructive trust on the Brooklyn property and rents related to that property.

The defendant's remaining contentions either need not be reached in light of our determination, or are not properly before the Court. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.