■ BEVERLY SILBERSTANG, as Coexecutor of RUTH HANSELL, Deceased, Appellant, v FRANCENE BIDERMAN-GROSS et al., De-

fendants/Third-Party Plaintiffs-Respondents, et al., Respondents. BEVERLY SILBERSTANG et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [19 NYS3d 768]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff, Beverly Silberstang, as coexecutor of the estate of Ruth Hansell, appeals, as limited by the brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), entered December 16, 2011, as denied, as premature, that branch of her motion which was for summary judgment on the complaint, with leave to renew following the completion of discovery, and the third-party defendants Beverly Silberstang and Golda A. Pearlman also appeal, as limited by the brief, from so much of the same order as denied, with leave to renew, that branch of their motion which was to dismiss the third-party complaint insofar as asserted against them for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the third-party defendants Beverly Silberstang and Golda A. Pearlman which was to dismiss the third-party complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint as premature, with leave to renew following the completion of discovery (see CPLR 3211 [f]; *Knapp v Town of Hempstead*, 130 AD3d 579 [2015]).

The Supreme Court, however, should have granted that branch of the motion of the third-party defendants Beverly Silberstang and Golda A. Pearlman which was to dismiss, insofar as asserted against them, the third-party complaint, which sought to impose a constructive trust, for failure to state a cause of action (see CPLR 3211 [a] [7]; *Igneri v Igneri*, 125 AD3d 813, 814 [2015]). Generally, a constructive trust may be appropriate in situations " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]; *see Igneri v Igneri*, 125 AD3d at 814). The elements for the imposition of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance on that promise,

and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d at 121; *Henning v Henning*, 103 AD3d 778, 780 [2013]; *Marini v Lombardo*, 79 AD3d 932, 933 [2010]). Here, accepting the facts as alleged in the third-party complaint as true, according the third-party plaintiffs the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]), the third-party complaint does not allege the existence of a promise or reliance upon any such promise. Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.