Miller v Falco (2019 NY Slip Op 01589)





Miller v Falco


2019 NY Slip Op 01589


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-00304
 (Index No. 609001/16)

[*1]Raheem Miller, et al., plaintiffs-appellants, et al., plaintiff,
v
Anthony Falco, etc., respondent; The Law Offices of Christopher J. Cassar, P.C., nonparty-appellant.


The Law Offices of Christopher J. Cassar, P.C., Huntington, NY, nonparty-appellant pro se and for plaintiffs-appellants.
Ganfer & Shore, LLP, New York, NY (Steven J. Shore, Ira Brad Matetsky, and William A. Jaskola of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the plaintiffs Raheem Miller and Mia Renee Miller and the nonparty The Law Offices of Christopher J. Cassar, P.C., appeal from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), entered October 23, 2017. The judgment, upon, inter alia, an order of the same court dated December 14, 2016, and after a hearing, is in favor of the defendant and against the plaintiff Raheem Miller and the nonparty The Law Offices of Christopher J. Cassar, P.C., jointly and severally, in the total sum of $22,385.85 as an award of costs in the form of an attorney's fee. The appeal from the judgment brings up for review the order dated December 14, 2016.
ORDERED that the appeal by the plaintiff Mia Renee Miller is dismissed, as she is not aggrieved by the judgment appealed from; and it is further,
ORDERED that the judgment is affirmed on the appeal by the plaintiff Raheem Miller and the nonparty The Law Offices of Christopher J. Cassar, P.C.; and it is further,
ORDERED that one bill of costs is awarded to the defendant, payable by the plaintiff Raheem Miller and the nonparty The Law Offices of Christopher J. Cassar, P.C.
Pauline Falco (hereinafter the decedent) owned certain property until her death in January 2015. The defendant, Anthony Falco (hereinafter Falco) is the executor of the decedent's estate. The plaintiff Raheem Miller (hereinafter Miller) filed a mechanic's lien dated February 12, 2015, in the amount of $160,000 against the property. In a prior action commenced against Miller (see Falco v Miller,___AD3d____ [decided herewith]), Falco sought a judgment declaring the mechanic's lien void. In the prior action, upon Miller's failure to timely appear or answer the complaint, Falco moved for leave to enter a default judgment against Miller, and Miller cross-moved to dismiss the complaint pursuant to CPLR 3211(a)(8). In that action, upon, inter alia, a decision after inquest, the plaintiff was awarded an attorney's fee pursuant to 22 NYCRR 130-1.1, payable by Miller and his attorney, and a judgment was entered in favor of the plaintiff and against Miller and his attorney, jointly and severally, in the total sum of $17,150 as an award of costs in the form of an attorney's fee.
While Falco's motion for leave to enter a default judgment in the prior action was pending, the plaintiffs commenced this action and filed a notice of pendency. In their complaint, the plaintiffs asserted causes of action sounding in quantum meruit, unjust enrichment, and constructive trust, seeking to recover compensation for the same renovation work listed in the mechanic's lien.
Falco moved pursuant to CPLR 3211(a) to dismiss the complaint and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their attorney. By order dated December 14, 2016, the Supreme Court granted that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and granted that branch of the motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their attorney to the extent of setting the matter down for a hearing to determine the amount of such sanctions. After a hearing to determine the amount of the sanctions, a judgment was entered October 23, 2017, in favor of Falco and against Miller and his attorney, jointly and severally, in the total sum of $22,385.85 as an award of costs in the form of an attorney's fee.
"The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of actions are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). "The two requirements for its application are: first, the identical issue necessarily must have been decided in the prior action and be decisive in the present action, and second, the party to be precluded must have had a full and fair opportunity to contest the prior determination" (Matter of Abady, 22 AD3d 71, 81).
While "[a]n issue is not actually litigated if, for example, there has been a default" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457), "collateral estoppel may be properly applied to default judgments where the party against whom preclusion is sought appears in the prior action, yet willfully and deliberately refuses to participate in those litigation proceedings, or abandons them, despite a full and fair opportunity to do so" (Matter of Abady, 22 AD3d at 85; see Brown v Suggs, 39 AD3d 395).
We agree with the Supreme Court's determination granting those branches of Falco's motion which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action on the ground that they were barred by the doctrine of collateral estoppel (see Kaufman v Eli Lilly & Co., 65 NY2d at 456). The issue of whether Miller could recover compensation for the renovation work he purportedly performed was decided in the prior action. In addition, the plaintiffs failed to meet their burden of establishing that Miller lacked a full and fair opportunity to litigate the foregoing issue in the prior action and thereby avoid the preclusive effect of an adverse determination of that issue (see Buechel v Bain, 97 NY2d 295, 304).
We also agree with the Supreme Court s determination granting that branch of Falco's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, which sought to impose a constructive trust, because the complaint fails to allege the existence of a confidential or fiduciary relationship between Miller and the decedent, a promise between Miller and the decedent, or a transfer in reliance upon promise between them (see Silberstang v Biderman-Gross, 134 AD3d 693, 694-695; Igneri v Igneri, 125 AD3d 813, 814; County of Nassau v Expedia, Inc., 120 AD3d 1178, 1181).
"The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct" (22 NYCRR 130-1.1[a]). Conduct is frivolous under 22 NYCRR 130-1.1 if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][1], [2]; see Mascia v Maresco, 39 AD3d 504, 505; Greene v Doral Conference Ctr. Assoc., 18 AD3d
429, 431).
Here, the Supreme Court providently exercised its discretion in granting that branch [*2]of the defendant's motion which was pursuant to 22 NYCRR 130-1.1(a) to impose a sanction upon Miller and his attorney consisting of costs in the form of an attorney's fee (see 22 NYCRR 130-1.1[a]). Under the circumstances of this case, the court properly determined that Miller and his attorney engaged in frivolous conduct in commencing this action, as it was completely without merit in law, and could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (see 22 NYCRR 130-1.1[c]).
We decline Falco's request for the imposition of sanctions against Miller and his attorney in connection with this appeal.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court